**Ex parte Robert Murrell BURTON.**

**No. 68016.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 10, 1981.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

The record reflects that on June 27, 1980, petitioner was convicted following his plea of guilty of burglary of a habitation. Punishment was assessed at five years and it is expressly provided that such term is "to run

concurrent with CR 77–H–0058–W, Northern District of Alabama, a four (4) year sentence." The record shows that the Alabama sentence resulted from a federal conviction upon which petitioner was paroled on December 18, 1979. On August 28, 1980, the Texas Department of Corrections received a detainer for petitioner. The detainer indicated that upon release from state custody, the United States Marshall would assume custody of petitioner on behalf of the United States Parole Commission as a possible federal parole violator.

Petitioner maintains his plea of guilty was involuntary because it was induced by a plea bargain, the conditions of which were impossible to perform. Following an evidentiary hearing, the trial court entered the following findings:

1. The defendant was induced to enter into the plea bargain by good faith representations that he would receive credit on his federal sentence while in State custody.

2. He would not have entered into the plea bargain had such representation not been made.

 Under the provisions of 18 U.S.C. Sec. 3568, because petitioner is in state rather than federal custody, he is not receiving credit toward his federal sentence despite the existence of the detainer. *United States v. Shillingford*, 586 F.2d 372 (5th Cir. 1978). In *Savage v. Henderson*, 475 F.2d 78 (5th Cir. 1973), it was held that the mere filing of a federal parole detainer did not convert the defendant's state custody for robbery into federal custody in connection with his prior federal narcotics conviction, and accordingly, he was not entitled to credit on his federal sentence for the period of time he was serving the state sentence. In *Saulsbury v. United States*, 591 F.2d 1028 (5th Cir. 1979), the United States Court of Appeals for the Fifth Circuit stated:

"The decision of whether a federal parole violator will actually serve a second sentence concurrently with the remainder of the sentence paroled is a matter exclusively within the province of the Parole Commission. *Zerbst v. Kidwell*, 304 U.S. 359, 362–63, 58 S.Ct. 872, 874, 82 L.Ed. 1399 (1938). The second sentencing judge, state or federal, may not interfere with that discretion. The discretion is essential to the authority of the Parole Commission:

" 'Unless a parole violator can be required to serve some time in prison in addition to that imposed for an offense committed while on parole, he not only escapes punishment for the unexpired portion of his original sentence, but the disciplinary power of the Board will be practically nullified.'

"*Zerbst v. Kidwell*, supra, 304 U.S. at 303, 58 S.Ct. at 874." (Footnote omitted). Id. at 1034.

 When a defendant enters a plea of guilty or nolo contendere pursuant to a plea bargain agreement, the State is bound to carry out its side of the bargain. *DeRusse v. State*, 579 S.W.2d 224 (Tex.Cr.App.). If the prosecution does not live up to its part of a plea bargain and such bargain was used as an inducement for the guilty plea, doubt is raised as to whether a guilty plea under such circumstance can be regarded as truly voluntary. *Bass v. State*, 576 S.W.2d 400 (Tex.Cr.App.). The appropriate relief for the failure to keep a plea bargain is either specific enforcement of the agreement or withdrawal of the plea, depending upon the circumstances of each case. *Joiner v. State*, 578 S.W.2d 739 (Tex.Cr.App.).

 In the instant cause, petitioner was induced to enter a plea of guilty based upon a representation that he would receive credit upon his federal sentence while in state custody. He is not receiving such credit at the present time. We decline petitioner's request to order specific enforcement of the plea bargain. To do so would interfere with the discretion exclusively within the province of the United States Parole Commission. The plea bargain having not been kept and specific enforcement not being appropriate, we find that petitioner's plea of guilty was not voluntarily entered and that he is entitled to withdraw the plea.

The relief sought is granted. Petitioner is ordered remanded to the Sheriff of Hale County to answer the indictment in Cause

No. B7589 of the 242nd Judicial District Court of Hale County.

It is so ordered.

McCORMICK, J., concurs in results.

TEAGUE, J., not participating.

CLINTON, Judge, concurring.

With deference, I suggest both the habeas court below and this Court have misinterpreted the terms of a plea bargain, which all concede was made.[1] Petitioner states under oath that the bargain was to be effectuated by releasing him into federal custody. A purported copy of a letter from his appointed attorney to the affected federal probation officer confirms that understanding.[2]

Both the judgment and sentence make clear that the five year sentence imposed by the state court was "to run concurrent with" the four year sentence levied by the federal court. The decisions examined by the Court establish that petitioner is not receiving and may not receive credit on his federal sentence while actually confined by Texas to serve the state sentence. Thus, it is his present incarceration which violates the plea bargain.

The Court declines to "order specific enforcement of the plea bargain" it understands was made, desiring not to "interfere with the discretion exclusively within the province of the United States Parole Commission." However, the federal detainer lodged with the Texas Department of Corrections against petitioner reflects a request by the United States Marshal for the Southern District of Texas in Houston—not too many miles away—that a TDC official notify his office when petitioner is to be released from custody "so that we may assume custody if necessary." Obviously,

then, the federal authorities are standing by, so to speak, waiting for Texas officials; just as patently this Court has the power and authority in a post-conviction habeas corpus proceeding to order that petitioner be released from what is found to be illegal confinement by TDC. The natural consequence would be implementation of the federal detainer by the United States Marshal taking custody of petitioner. Such an order would not "interfere with the discretion" of the Parole Commission—it may impel the Commission to exercise that discretion, however.

Nevertheless, with the Court taking the plea bargain reported by the habeas judge and finding that one is not enforceable, as indeed it is not, the relief granted by the Court will permit the matter to be sorted out at the trial level. On that basis I reluctantly concur in the order of the Court.

---

1. From dimly copied papers in the record it seems that punishment was assessed and sentence imposed by one trial judge and the habeas findings were made by another district judge. Though the Court now says the findings were made "following an evidentiary hearing," the order of the habeas court does not indicate that and our record does not contain a transcription of the notes of the court reporter. Since the clerk of the habeas court was directed by its order to "[p]repare transcript of all

papers in this cause" etc., I must doubt that evidence was taken.

2. In this regard counsel states the second part of the bargain:

"The actual serving of the sentence would be subject to the federal authorities, in the federal penitentiary by reason of Mr. Burton having been designated a central monitoring case."