**Ex parte James Lee CHANDLER, Jr.**

**No. 69150.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 6, 1985.

James Lee Chandler, Jr., pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

THOMAS G. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

On August 9, 1982, applicant was convicted following his plea of guilty to the offense of theft of property over the value of $200.00 and under $10,000.00. Punishment was assessed at eight years in the Texas Department of Corrections in accordance with a plea bargain agreement which provided that his confinement was "To run concurrent with Federal Parole Time."

The plea bargain agreement is borne out by the trial court's finding in its order on the 11.07 application which recites "the Court sentenced the Petitioner to Eight (8) years in the Texas Department of Corrections in accordance with the Plea Bargain Agreement which is attached hereto as Exhibit B." Exhibit B, denominated "Plea Bargain Agreement," signed by applicant, his attorney and the district attorney, reflects "confinement Texas Department of Corrections for 8 years ... To run concurrent with Federal Parole time."

■ Applicant maintains that the agreement to give him credit on his federal parole time by running his punishment with his federal parole time is an agreement which the State is unable to perform. Where the inducement for a defendant to enter a plea of guilty is a representation by the State which it cannot keep, doubt is raised as to whether a guilty plea under such circumstances can be regarded as truly voluntary. *Ex parte Burton,* 623 S.W.2d 418 (Tex.Cr.App.1981); *Bass v. State,* 576 S.W.2d 400 (Tex.Cr.App.1979). When a defendant enters a plea of guilty or nolo contendere pursuant to a plea bargain agreement, the State is bound to carry out its side of the bargain. *DeRusse v. State,* 579 S.W.2d 224 (Tex.Cr.App.1979). The trial court as well as this Court would be unable to order specific enforcement of the plea bargain since this is a matter for determination by the Federal Parole Commission.[1] Clearly, that Commission is not bound to honor any plea bargain agreement made in a state court that punishment assessed there is to run concurrent "with Federal Parole Time." The plea bargain agreement herein being one that is not enforceable, the applicant is entitled to withdraw the plea. Applicant is entitled to the relief sought.

The relief sought is granted, applicant is ordered remanded to the Sheriff of Johnson County to answer the indictment in Cause No. 23687 of the 249th Judicial District Court of Johnson County.

It is so ordered.

ONION, Presiding Judge, dissenting.

Here again the majority takes the wrong turn despite the well-marked signs along the way. See *Ex parte Taylor,* 684 S.W.2d 113 (Tex.Cr.App.1985), and *Ex parte Huerta* (Tex.Cr.App.1985, No. 69,352, January 30, 1985). The majority simply fails to understand that when a Texas judge merely orders a Texas sentence (which he has the authority to impose) to run concurrent with another prior sentence it does not automatically mean that the prior sentence is to also run concurrent with the said Texas sentence. And this is particularly true where the prior sentence is from another court, including courts of sister states or federal courts and over which the Texas judge has absolutely no control.

This instant proceeding involves a post-conviction application for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P.

It appears that on August 9, 1982 applicant was convicted of felony theft of property over $200.00 and under $10,000.00. Applicant entered a guilty plea before the court, and after abandonment of the enhancement paragraphs of the indictment, punishment was assessed at eight years' imprisonment as a result of a plea bargain. The plea bargain apparently included an agreement the Texas sentence was "to run concurrent with Federal Parole Time." No appeal was permitted by the court in view of Article 44.02, V.A.C.C.P., and no matters having been raised by pre-trial motions.

On February 16, 1983, applicant filed his post-conviction habeas corpus application in the convicting court. See Article 11.07, supra. Under "Grounds for Relief" in said application it stated:

"Applicant has been denied the most rudimentary constituents of due process, reasonable assistance of counsel; equal protection of the law as conferred under the Fifth, Sixth, Fourteenth Amendments to the Constitution of the United States of America; Article I, Sections 10.19, Bills of Rights to the State of Texas Constitution, stemming from applicant's constitutional infirm conviction without evidence, perfunctory; disloyal services

1. In *Moody v. Doggett,* 429 U.S. 78, 81, 97 S.Ct. 274, 275, 50 L.Ed.2d 236 (1976) the United States Supreme Court sets forth the courses of action that the Federal Parole Commission can take when a federal parolee is convicted of a new offense. The matter of whether the remainder of the parole violator's original sentence would run concurrent with punishment assessed in a subsequent offense is a matter for determination solely by the Federal Parole Commission.

of retained counsel; prosecutor's pretense breached guilty plea-bargain agreement that eluded detection by this 249th District Court, Johnson County, Texas, on August 9, 1982, in Cause No. 23687."

The main thrust of appellant's argument is that he was denied the effective assistance of retained counsel. Under "Facts of the Case" in the application, it is stated, inter alia, his counsel told him if he plead guilty the prosecutor would agree to give him credit on his federal parole time "by running his state sentence concurrent with his Federal Parole Time." Applicant then asserts the trial court caused the sentence to run concurrent with his federal parole time. This action he claims guaranteed him credit on his federal parole time, which he now knows he is not receiving because of action taken by federal authorities.

If notified, the State did not file an answer. There was no evidentiary hearing and no affidavits were filed.

On March 29, 1983, the district court denied the application, finding there were not any controverted, previously unresolved facts material to the legality of the applicant's confinement.

The record was forwarded to this Court. The judgment and sentence are not included. There is no way to tell if any order as to concurrent sentence is reflected in the judgment or sentence. There is no statement of facts concerning the guilty plea.

After the record reached this Court, the applicant filed a "Memorandum of Law" principally asserting an involuntary guilty plea due to a broken plea bargain by State's counsel citing, inter alia, *Ex parte Burton*, 623 S.W.2d 418 (Tex.Cr.App.1981).

This is all we have before this Court.

In post-conviction habeas corpus hearings the burden of proof is on the applicant. *Ex parte Bratchett*, 513 S.W.2d 851 (Tex.Cr.App.1974); *Ex parte Slaton*, 484 S.W.2d 102 (Tex.Cr.App.1972). See also *Ex parte McWilliams*, 634 S.W.2d 815, 819 (Tex.Cr.App.1982).

The allegations in the habeas corpus application are not consistent, and the assertions in briefs cannot be accorded the status of evidence. There is not a sufficient record upon which this Court may properly act. The cause should be remanded to the convicting court for an evidentiary hearing. Despite the condition of the record, the majority finds a broken plea bargain without a copy of the judgment or sentence in the record.

Article 42.08, V.A.C.C.P.,[1] gives a Texas judge the discretion either to cumulate or allow the Texas sentence to run concurrently with other prior sentences. *Carney v. State*, 573 S.W.2d 24, 27 (Tex.Cr.App. 1978); *Rodriquez v. State*, 552 S.W.2d 451 (Tex.Cr.App.1977); *Hester v. State*, 544 S.W.2d 129 (Tex.Cr.App.1976); *Branson v. State*, 525 S.W.2d 187 (Tex.Cr.App.1975); *Banks v. State*, 503 S.W.2d 582, 583 (Tex. Cr.App.1974). The Texas sentence is the only sentence the Texas judge has the right to impose and over which he has control. The Texas judge has no control over sentences from federal courts or courts of sister states or even from another Texas court. Any order entered by a Texas judge cannot affect an existing sentence imposed by another court. "This should be without dispute." *Ex parte Spears*, 154 Tex.Cr.R. 112, 235 S.W.2d 917, 918 (Tex.Cr.App.1951) (opinion on rehearing); 18 A.L.R.2d 507, reh. overruled with opinion, 236 S.W.2d 968 (Tex.Cr.App.1951).

1. Article 42.08, V.A.C.C.P., provides:
   "When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except

that in the discretion of the court the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly."

If there is a plea bargain that the Texas sentence is to run concurrently with a sentence from a federal court, it means simply that and no more.[2] The reverse is not true. The Texas court has no authority to control or place conditions on a sentence from a foreign jurisdiction. If the Texas sentence is running concurrently with the prior sentence of a federal court or a sister state, then the plea bargain is being kept, despite what the proper federal or sister state authorities do with the sentence from their jurisdiction.

If on the other hand, a Texas court, on approving a plea bargain, goes beyond its authority and assures a defendant that not only will his Texas sentence run concurrently with an outstanding sentence from another jurisdiction, but his other sentence will run concurrently with the Texas sentence, then the basis for a broken plea bargain may well be laid. This is particularly true where the foreign jurisdiction subsequently decides to place a detainer on the defendant with Texas authorities and ceases the "running" of his sentence from that jurisdiction until he is again in their custody.

In most cases Texas courts do not exceed their authority and do not enter into improper plea bargains promising things beyond their control. What happens in most cases is that as a part of a plea bargain the court simply agrees to run the Texas sentence (over which it has control) concurrently with a prior sentence from another court or jurisdiction. After the convicted defendant remains in Texas custody, he learns that while his Texas sentence is continuing concurrently with the prior sentence (as far as Texas is concerned) the authorities with control over the prior sentence have decided to cease the "running" of that sentence while he is in Texas custody. The inmate-defendant then urges there was a broken plea bargain as both sentences were to run concurrently with each other, and the Texas court had in effect promised it would place conditions on the prior sentence from the other jurisdiction and control the same. The burden of proof is on the applicant in a habeas corpus proceeding to prove this latter situation exists.

In the instant case the applicant has not sustained his burden of proof, and yet without an order to hold an evidentiary hearing, the majority readily agrees the convicting court promised that which was beyond its control without any evidentiary support for that conclusion.

I dissent, and shall continue to dissent as long as the majority utilizes its misguided approach to the question presented by the instant proceedings. See dissenting opinions in *Ex parte Taylor*, supra, and *Ex parte Huerta*, supra.

W.C. DAVIS, McCORMICK and WHITE, JJ., join this dissent.

McCORMICK, Judge, dissenting.

In addition to joining in the dissenting opinion of Presiding Judge Onion, I write to again point out what I noted in my dissenting opinion in *Ex parte Huerta* (No. 69,352, January 30, 1985):

"... To conclude from this 'record' that applicant was misled is to elevate pleading to the status of evidence."

As in *Huerta*, this cause should be remanded for a hearing where applicant may properly assume the burden which previously had been placed on persons such as this applicant.

WHITE, J., joins in this dissent.

---

**2.** It is well settled that where a trial court does not order two or more sentences to be cumulative, the terms of imprisonment shall automatically run concurrently whether expressed in the formal sentence or not. *Ex parte Bates*, 538 S.W.2d 790 (Tex.Cr.App.1976); *Ex parte Iglehart*, 535 S.W.2d 185, 187 (Tex.Cr.App.1976), and cases there cited.