**Ex parte Lionel Craig YOUNG, Sr.**

**No. 69195.**

Court of Criminal Appeals of Texas,
En Banc.

Feb. 6, 1985.

Bruce S. Fox, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

The record reflects that on January 18, 1980, following his plea of guilty, applicant was convicted of aggravated robbery, felony escape, and three counts of theft over $200. Punishment was assessed at twelve years confinement in the aggravated robbery conviction and ten years confinement in the other four convictions.

Applicant contends that his pleas of guilty were involuntary because they were induced by a plea bargain, the conditions of which were impossible to perform.

The record reflects that, as a part of the plea bargain, the applicant was told that his sentences would run concurrently with his sentence out of Colorado. The following excerpts from the trial described the agreement:

"[DEFENSE COUNSEL]: Now, you have entered into a plea bargain and this is your understanding of the plea bargain that in each case, the three theft cases you will receive ten years concurrent sentence and that that sentence will also run concurrently with the parole case that you have in Colorado?

"A: That is correct.

"Q: You are on parole from Colorado; is that correct?

"A: That is correct.

"Q: And is it your understanding that all five cases, in fact, will run concurrently with your parole situation in Colorado?

"A: That is correct.

\*      \*      \*      \*      \*      \*

"[THE PROSECUTOR]: You also understand that part of the plea bargaining agreement in this case is that the State agreed that the case that you have out of the State of Colorado Cause Number 26028 out of Division One Register Number 044365, any case that you have up there that has been taken to final judgement and sentence is to run concurrent with the time that you are about to receive in these cases; is that correct?

"A: Yes.

"Q: And you also understand that as part of the plea bargaining agreement that the State of Colorado will be immediately notified of the disposition of these cases so that they can take any course of action that they want to with regard to bringing you back to Colorado?

"A: Yes, sir.

    \*    \*    \*    \*    \*    \*

"[THE PROSECUTOR]: In the case that was quoted, the number I just read into the record where we have agreed to run the Texas time concurrent with the Colorado time, if those are not the right cause numbers or the right cases, let it be understood that the State of Texas agrees that whatever case Lionel Craig Young, Sr. has in the State of Colorado that has been reduced to final judgement and sentence, the State agrees that the Texas time can run concurrent with the Colorado time.

"[THE COURT]: All right.... All of those to run concurrent with what you got in Colorado.

"[THE DEFENDANT]: Yes, Your Honor."

In each of the causes, the sentences explicitly provide that "DEFENDANT'S TIME IS TO RUN CONCURRENTLY WITH CASES IN COLORADO."

The record reflects that applicant's Texas sentences are not running concurrently with his Colorado sentence. The Colorado authorities withdrew the warrant and detainer by letter dated April 23, 1980, and have tolled the running of the Colorado sentence while applicant is incarcerated in Texas. They have requested that the Texas Department of Corrections notify them prior to applicant's release and have specifically informed applicant that his Colorado sentence cannot be run concurrently.

Clearly, the Dallas County officials did not have the authority to bind the State of Colorado to follow the plea bargain. In *Ex parte Burton*, 623 S.W.2d 418 (Tex.Cr.App. 1981), we granted relief in a case with facts similar to those in the instant cause. In

*Burton*, supra at 419, it was held that since the defendant was induced to enter a plea of guilty based upon a representation that he would receive credit upon his federal sentence while in state custody, and he was not receiving that credit, the defendant's plea of guilty was not voluntarily entered and he was entitled to withdraw the plea. See *Bass v. State*, 576 S.W.2d 400 (Tex.Cr. App.1979); *Joiner v. State*, 578 S.W.2d 739 (Tex.Cr.App.1979).

*Burton*, supra, controls the disposition of the instant cause. See also *Ex parte Huerta* (Tex.Cr.App.1985, No. 69,352, January 30, 1985); *Ex parte Chandler*, 684 S.W.2d 700 (Tex.Cr.App. 1985).

The relief sought is granted. The judgments are set aside and applicant is ordered remanded to the Sheriff of Dallas County to answer the indictments in these causes. A copy of this order shall be sent to the Texas Department of Corrections.

It is so ordered.

ONION, Presiding Judge, dissenting.

Applicant filed his post-conviction application for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P.

The application filed in the convicting court alleged that his convictions for five felonies are void as he was induced to plead guilty in each case "by a plea bargain agreement that the trial court is either unable or unwilling to follow."

The record reflects that on January 18, 1980, applicant entered pleas of guilty before the court to indictments charging aggravated robbery, felony escape, and three offenses of felony theft. Punishment was assessed at 12 years' imprisonment for the aggravated robbery, and at 10 years' imprisonment for each of the other four offenses.

The habeas corpus application alleges the said Texas sentences were to run concurrently with each other as part of the plea bargain, and further, "the agreement provided that the Applicant's sentences were

to be run concurrently with time that the Applicant owed to the State of Colorado." It was also alleged the trial judge accepted the plea arrangement.

Applicant urges his plea bargain has been broken because he has been advised by Colorado authorities his "time has stopped on his Colorado sentence" on which he was on parole when convicted in Texas. He argues this violates his plea bargain wherein the prosecutor promised "to run the Applicant's Texas sentences concurrently with the time the Applicant owed to the State of Colorado."

The trial court,[1] without an evidentiary hearing, made findings of facts and conclusions of law to the effect applicant was not entitled to relief on the day he made supplemental findings and conclusions which in part states:

> "The pleas in these cases were taken simultaneously. The Statement of Facts clearly reflects that it was the understanding of the parties at the time that the Texas sentences imposed for the above-cited convictions were to run concurrently with any Colorado conviction. Obviously, the Honorable Judge Wardlow Lane did not intend to order the State of Colorado to run its conviction concurrent with the above-cited convictions. He clearly had no such power. A fair reading of the Statement of Facts allows for no other conclusion than that the Texas convictions run concurrent with the Colorado conviction. Applicant has not even alleged that this is not being done."

Among other papers the court ordered the "Statement of Facts" forwarded to this Court.

The "Statement of Facts" from the guilty pleas reflects that the applicant testified. On direct examination by his counsel the record reflects:

> "Q. Now, you have entered into a plea bargain and this is your understanding of the plea bargain that in each case, the three theft cases you

will receive ten years concurrent sentence and that *that sentence* will also run concurrently with the parole case that you have in Colorado?

> "A. That is correct.

\*    \*    \*    \*    \*    \*

> "Q. And is it your understanding that *all five cases*, in fact, *will run concurrently with your parole situation?*

> "A. That is correct."

On cross-examination the record reflects:

> "MR. WILSON (prosecutor): In the case that was quoted, the number just read into the record *where we have agreed to run the Texas time concurrent with the Colorado time,* if those are not the right cause numbers or the right cases, let it be understood that the State of Texas agrees that whatever case Lionel Craig Young, Sr. has in the State of Colorado that has been reduced to final judgment and sentence, *the State agrees that the Texas time can run concurrent with the Colorado time.*

> "THE COURT: All right. In each of them ... *all of those to run concurrent with what you got in Colorado."* (Emphasis supplied.)

Typed at the bottom of each sentence are the words "Defendant's time is to be served concurrently with cases in Colorado."

It is well settled that this Court is not bound by the findings of the district court, but such findings are entitled to weight and the district court's findings in the instant case are clearly supported by the record.

The majority continues to labor under the misconception that when a Texas court orders a Texas sentence to run concurrently with a sentence from a sister state or federal court, etc., the court is also ordering the foreign sentence to run concurrently with the Texas sentence.

---

1. The findings were by the duly elected judge of the convicting court. The judge who presided at the guilty pleas was a retired district judge sitting by an assignment.

Article 42.08, V.A.C.C.P.,[2] gives a Texas judge the discretion either to cumulate or allow the Texas sentence to run concurrently with other prior sentences. *Carney v. State,* 573 S.W.2d 24, 27 (Tex.Cr.App. 1978); *Rodriquez v. State,* 552 S.W.2d 451 (Tex.Cr.App.1977); *Hester v. State,* 544 S.W.2d 129 (Tex.Cr.App.1976). The Texas sentence is the only sentence the Texas judge has the right to impose and over which he has control. The Texas judge has no control over sentences from federal courts or courts of sister states or even from another Texas court. Any order entered by a Texas judge cannot affect an existing sentence imposed by another court. See *Ex parte Spears,* 154 Tex.Cr.R. 112, 235 S.W.2d 917 (Tex.Cr.App.1951) (opinion on rehearing); 18 A.L.R.2d 507, reh. overruled, 236 S.W.2d 968 (Tex.Cr. App.1951).

In *Spears,* 235 S.W.2d at p. 918, this Court wrote:

"No order which the Federal Court made, or could have made, would have any effect on an existing sentence from a Texas court. Furthermore, we may observe that even if Baird had been tried on another charge in a state court, that court could make no order which would affect the existing sentence which he was serving. The trial judge in passing sentence on one already under sentence in another court may, by proper order, cumulate the sentence which he imposes with the existing one, or he may let his sentence run concurrently, but nothing he may do can affect the existing sentence imposed by another court. *This, it seems, should be without dispute."* (Emphasis supplied.)

If there is a plea bargain that the Texas sentence is to run concurrently with a sentence from a sister state, it means simply

that and no more. The reverse is not true. The Texas court has no more authority to control or place conditions on a sentence from a foreign jurisdiction any more than a foreign jurisdiction has authority to control or place conditions on an existing Texas sentence. If the Texas sentence is running concurrently with the prior sentence of a federal court or a sister state, then the plea bargain is being kept, despite what the proper federal or sister state authorities later do with the sentence from their jurisdiction. This is, or should be well known to every member of the bench and bar engaged in the practice of criminal law except, perhaps, today's majority.

The instant case is not a situation where as a result of a plea bargain the defendant is assured that his sentence from a sister state over which the Texas court has no control will run concurrent with the Texas sentence, and believing that, the defendant enters the plea bargain which is approved by the trial court.

This case is not like *Ex parte Burton,* 623 S.W.2d 418 (Tex.Cr.App.1981), and is not controlled by it. In *Burton* it was held that where a defendant was induced to enter a plea of guilty based upon representation that he would receive credit upon his federal sentence while in custody of Texas authorities, and he was not receiving such credit his plea of guilty was not voluntarily entered.

In post-conviction habeas corpus hearings the burden of proof is on the applicant. *Ex parte McWilliams,* 634 S.W.2d 815, 819 (Tex.Cr.App.1982); *Ex parte Bratchett,* 513 S.W.2d 851 (Tex.Cr.App. 1974); *Ex parte Slaton,* 484 S.W.2d 102 (Tex.Cr.App.1972). In the instant case the

2. Article 42.08, V.A.C.C.P., provides:

"When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except

that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly."

**708**

applicant has not sustained his burden nor shown that *Burton* is applicable.[3]

Once more I dissent, and urge the majority to reconsider what it is doing. See *Ex parte Taylor,* 684 S.W.2d 113 (Tex.Cr. App.1985); *Ex parte Huerta* (Tex. Cr.App.1985, No. 69,352, January 30, 1985); *Ex parte Chandler,* 684 S.W.2d 700 (Tex.Cr.App.1985).

W.C. DAVIS, McCORMICK and WHITE, JJ., join in this opinion.

McCORMICK, Judge, dissenting.

I again join Presiding Judge Onion in dissenting to the action of the majority. The trial officials of this State should proceed with caution when accepting pleas of guilty, and, *on the record* admonish a defendant that the agreement does not, and cannot, have any effect on sentences from other jurisdictions.

---

**3.** It may be doubtful that *Burton* was correctly decided under the facts revealed by an examination of the appellate record in that case. See footnote #1 of this writer's dissenting opinion in

*Ex parte Huerta,* (Tex.Cr.App.1985, No. 69,352, January 30, 1985).