**Ex parte Kenneth William DAVENPORT.**

No. 69293.

Court of Criminal Appeals of Texas, En Banc.

May 1, 1985.

See also, Tex.Cr.App., 671 S.W.2d 530.

John D. Reeves, S. Michael Bozarth, Huntsville, for appellant.

Steve W. Simmons, Dist. Atty. and Rebecca E. Wardlaw, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

THOMAS G. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

On August 17, 1983 applicant was convicted, following his plea of guilty, of sexual abuse of a child. Punishment was assessed by the court at nine years. The sentence provided such term "to run concurrent with the pending New Mexico offense."

Applicant contends that he agreed to plead guilty "in exchange for the State's recommendation that applicant's Texas time was to run concurrently with" the New Mexico sentence.

The trial court, after conducting a hearing on applicant's habeas application, entered findings which are adverse to applicant's claim. The court's findings that no plea bargain existed and that applicant was not induced to enter a plea of guilty by any representation as to what would happen to his New Mexico case are supported by the record. Applicant's trial counsel testified that he contacted probation authorities in New Mexico who advised him that they would make no deals and would probably revoke applicant's probation. Counsel advised applicant accordingly.

The record of the proceedings at the guilty plea is before us and it reflects that the only recommendation as to punishment was made by the Adult Probation Department and it was for ten years. Not only did the court admonish applicant that it was not bound by such recommendation, the court, in fact, assessed punishment at nine years. The careful trial judge, before accepting applicant's plea of guilty, further admonished applicant "also with this understanding that this time you receive in these Texas cases will run concurrent with the time you have in New Mexico, *as far as I am able to do so. As to what New Mexico wants to do, I have no choice.*" (Emphasis supplied.)

This Court has held that where the inducement for a defendant to enter a plea of guilty is a representation by the State which it cannot keep, doubt is raised as to whether a guilty plea under such circumstances can be regarded as truly voluntary. *Ex parte Burton*, 623 S.W.2d 418 (Tex.Cr. App.1981); *Bass v. State*, 576 S.W.2d 400 (Tex.Cr.App.1979).

When a defendant enters into a plea bargain agreement that is not enforceable, the defendant is entitled to withdraw the plea. *Ex parte Chandler*, 684 S.W.2d 700 (Tex.Cr.App.1985).

The instant case does not fall within the ambit of the rule announced in the foregoing cases. Applicant's counsel admonished him that New Mexico authorities would make no deal with regard to probation. No plea bargain is shown and the trial court, before accepting applicant's plea, admonished him that he had no control over his New Mexico case.

The relief sought is denied.