**Ex parte Billy SLAUGHTER.**

**No. 69449.**

Court of Criminal Appeals of Texas, en banc.

May 8, 1985.

Melinda Hoyle Bozarth, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Applicant filed this post conviction application for writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P.

On August 28, 1984, applicant's federal probation was revoked and he was sentenced to two years' confinement. Subsequently, on September 4, 1984, applicant was convicted in State District Court of Hall County, after his plea of guilty, of burglary of a building. He was sentenced to five years' confinement.

Applicant asserts that he entered his plea pursuant to representations by the prosecutor, trial court, and his attorney that his state and federal sentences would run concurrently.

Included in the record before us is a copy of the "Agreed Punishment Recommendation," signed by applicant, his attorney and the prosecutor. The agreement states that the State sentence is "to run concurrently with the two years assessed against defendant for violation of probation in the U.S. District Court in Amarillo, Texas."

Also included in the record is an excerpt from the statement of facts at the plea hearing. Applicant's attorney reminded the prosecutor that the plea agreement was that the sentences would run concurrently. The prosecutor seemed not to remember the agreement. However, the court then stated:

> THE COURT: It is the order of this Court that you, Billy Slaughter, who has [sic] been adjudged guilty of the felony offense of burglary of a building, and whose punishment has been assessed at confinement in the Texas Department of Corrections for a term of five years, be delivered immediately by the Sheriff of Hall County, Texas, or his duly authorized Deputy, to the Director of the Texas Department of Corrections, or other persons legally authorized to receive your custody, where you shall be confined in the Texas Department of Corrections for a term of five years.
>
> This sentence will run concurrently with the two years assessed against the Defendant out of the U.S. District Court in Amarillo, Texas.

On September 25, 1985, a detainer was received by the Texas Department of Corrections from the United States Marshal, which indicated that federal authorities would assume custody of applicant for a probation warrant after his term was served in the Texas Department of Corrections.

As evidenced by the detainer, the two sentences are not running concurrently. Applicant contends that under *Ex Parte Chandler*, 684 S.W.2d 700 (Tex.Cr.App. 1985); *Ex Parte Huerta*, No. 69,352 (delivered January 30, 1985); *Ex Parte Burton*, 623 S.W.2d 418 (Tex.Cr.App.1981) and *Joiner v. State*, 578 S.W.2d 739 (Tex.Cr. App.1979), he must be allowed to withdraw his plea.

When an appellant enters a plea of guilty or nolo contendere pursuant to a plea bargain agreement, the State is bound to carry out its side of the bargain. If the State is unable to do so, a defendant is entitled to withdraw his plea. *Joiner,* su-

pra. The State cannot perform the agreement to run his State time concurrent with his Federal time. *Saulsbury v. United States*, 591 F.2d 1028 (5th Cir.1979). Consistent with *Burton*, supra, and *Chandler*, supra, applicant is remanded to the Sheriff of Hall County to answer the indictment in Cause No. 2594 of the 100th Judicial District Court of Hall County.

It is so ordered.[1]

ONION, P.J., and McCORMICK and WHITE, JJ., dissent.

---

**1.** Notwithstanding that the result in this case reflects the majority's viewpoint, the writer of

this opinion agrees with Judge Onion's well-founded dissent in *Ex Parte Chandler*, supra.