**Ex parte Richard REYNA.**

**No. 69519.**

Court of Criminal Appeals of Texas, En banc.

April 9, 1986.

Hal Hemstreet, Sugar Land, for appellant.

Sam D. Millsap, Jr., Dist. Atty., Charles Estee, Bruce Baxter, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is a post-conviction writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P. *Ex Parte Young*, 418 S.W.2d 824 (Tex. Cr.App.1967).

Applicant was convicted of the offense of aggravated robbery upon a plea of guilty, and punishment was assessed at 18 years confinement in the Texas Department of Corrections. No direct appeal was taken.

Applicant contends that his plea of guilty was rendered involuntary by a broken or unenforceable plea bargain agreement. Specifically, applicant contends his conviction in Texas is not running concurrently with sentences he received in Mississippi, as was agreed.

On December 18, 1985, this Court ordered this cause abated in order that an evidentiary hearing could be held to further develop the facts 701 S.W.2d 921. On February 14, 1986 the trial court held a hearing in accordance with our order. Appearing at the hearing were the applicant, his present attorney, Hal Hemstreet, and his former attorney who represented him at his plea of guilty and sentencing in this cause. The State did not appear for this evidentiary hearing and has not filed any pleadings since its initial answer in this cause.

The trial court, having held the evidentiary hearing and developed the facts in accordance with our previous order, has recommended that relief be granted. The trial court found that applicant entered into a plea agreement with the State whereby applicant would plead guilty to aggravated

robbery, the State would recommend a sentence of 18 years confinement in the Texas Department of Corrections, and applicant's Texas sentence would run concurrent with his previous sentences from Mississippi. However, applicant is not now receiving credit on his Mississippi convictions. See generally *Holland v. State*, 418 So.2d 73 (Miss.1982); MISS CODE ANN. § 99–19–23 (1972). The trial court specifically found that applicant was "under the understanding that [the] Texas Department of Corrections would permit—and Mississippi would permit his sentence in the state of Mississippi, his sentence in the state of Texas to run concurrently. It may have been based upon what the court told him, may have been based on what the lawyer told him." We find and hold that the trial court's findings are supported by the record.[1]

This case is squarely controlled by this court's recent holdings in *Ex Parte Huerta*, 692 S.W.2d 681 (Tex.Cr.App.1985); *Ex Parte Chandler*, 684 S.W.2d 700 (Tex.Cr.App.1985); *Ex Parte Young*, 684 S.W.2d 704 (Tex.Cr.App.1985). The State, in its answer in this cause, does not deny the existence of the plea bargain agreement; rather, the State urges this Court to overrule *Huerta*, supra, and related cases, and to adopt the reasoning of the dissenting opinions in *Huerta*, supra. This we decline to do.

Applicant, in response to a query from the trial court, admitted that the trial court never told him that his Mississippi sentence would run concurrent with his Texas sentence, only that his Texas sentence would run concurrent with his Mississippi sentence. However, the record clearly shows that the applicant understood the term "sentence to run concurrent with" to mean that the sentences in both states would, in fact, run simultaneously, regardless of the location of his imprisonment. As the trial court intimated at the evidentiary hearing, to a layman, the difference between "Texas sentence to run concurrent with Mississippi" versus "Mississippi sentence to run concurrent with Texas" may well be a distinction without a difference. Absent a record showing that this distinction was explained to a defendant and that the distinction was understood, we refuse to hold a defendant to such knowledge. See and compare *Ex Parte Davenport*, 688 S.W.2d 875 (Tex.Cr.App.1985), wherein the record affirmatively showed that the trial judge explained that he had no control over the authorities in another state.

The plea bargain being unenforceable, applicant is entitled to withdraw his plea. *Chandler*, supra; *Ex Parte Burton*, 623 S.W.2d 418 (Tex.Cr.App.1981). The relief sought is granted. Applicant is ordered remanded to the Sheriff of Bexar County to answer the indictment in Cause No. 84–CR–0577 of the 144th District Court of Bexar County.

It is so ordered.

ONION, WHITE and McCORMICK, JJ., dissent.

---

1. When this cause was remanded to the trial court, we requested that testimony be adduced regarding applicant's claim that the plea agreement included an agreement that applicant would serve his sentence in Mississippi. At the hearing the evidence clearly showed that discussions had prior to and contemporaneous with the entry of applicant's plea of guilty in this cause, pertaining to where applicant would actually serve his sentence, were merely attempts at explaining *how* he would serve his Texas and Mississippi sentence concurrently. Furthermore, the testimony clearly established that no promises were made to applicant regarding *where* he would serve his sentence. Also clear from this testimony and from the statement of facts of the guilty plea proceeding is the fact that both the trial court and applicant's trial attorney misrepresented to applicant that he could in fact be transferred to Mississippi to serve his Texas sentence. This was not legally possible in this state prior to the enactment of the Interstate Corrections Compact (effective January 1, 1986). See Article 42.18, V.A.C.C.P.