NO. 07-04-0086-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 31, 2005

_____

JOSE L. QUINTANA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-404172; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Jose L. Quintana appeals his conviction and sentence for the felony offense of aggravated robbery. We agree with appointed counsel's conclusion that the record fails to show any meritorious issue which would support the appeal. We do find reformation of a portion of the judgment necessary, and affirm the trial court's judgment as modified.

Appellant was charged with three offenses, aggravated robbery, burglary of a habitation and burglary of a building, arising out of the same transaction. According to a motion to enforce a plea agreement filed by appellant he negotiated an agreement by which he would plead guilty to aggravated robbery and receive a sentence of 15 years confinement in exchange for dismissal of the other charges. After assignment of a new prosecutor to the case and further negotiation, appellant accepted an offer of 12 years confinement on his plea of guilty to the first two charges, and dismissal of the burglary of a building charge.

Before the scheduled hearing on appellant's guilty plea the prosecutor withdrew the offer, assertedly because of new information about appellant's prior offenses. A third prosecutor made an offer of a 20 year sentence in exchange for a guilty plea on the aggravated robbery charge. The original indictment was dismissed when appellant was reindicted with the addition of a deadly weapon allegation and enhancement paragraph. Before entering a plea, appellant moved for enforcement of the prior plea offer of 12 years confinement. The trial court denied the motion.

Appellant judicially confessed, executed a waiver of rights and entered an open plea of guilty on January 7, 2004. He was admonished, both orally and in writing, regarding the effect of his plea. The trial court accepted appellant's plea, found the evidence established he was guilty of the charged offense, and imposed a sentence of 99 years incarceration in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely perfected appeal specifically directed to the denial of his motion to enforce the plea agreement and his sentence.

Counsel for appellant has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he certifies that he has searched the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). The brief thoroughly discusses the procedural history of the case and evidence presented at trial. In conformity with counsel's obligation to support the appeal to the best of his ability, *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd), the brief discusses seven potential complaints. If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson*, 885 S.W.2d at 645. By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has filed a response.

The first three potential issues raised in counsel's brief concern the State's withdrawal of the plea agreement offer of 12 years confinement. The fourth questions whether appellant's plea was knowing and voluntary. The final three potential issues address whether appellant's sentence was cruel and unusual in violation of the federal and state constitutions. *See* U.S. Const. Am. VIII; Tex. Const. Art. I, §13. Appellant's *pro se*

3

response also discusses his trial counsel's failure to move for a new trial and presents challenges to evidence presented at the punishment hearing

We agree with counsel's assessment that the issues discussed do not present meritorious issues on which an appeal may be predicated. Appellant's trial court motion to enforce the plea agreement relied on *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), and *Ex parte Chandler*, 684 S.W.2d 700 (Tex.Crim.App. 1985). As appellant's appellate counsel correctly notes, a plea agreement does not become effective until the plea has been entered and the court announces it will be bound by the agreement. *Ex parte Williams*, 637 S.W.2d 943, 947 (Tex.Crim.App. 1982).

*Santobello* and *Chandler* are distinguishable because in each of those cases the defendant had entered his plea based on a promise from the prosecution. 404 U.S. at 262; 684 S.W.2d at 700. Here the State's offer was withdrawn before appellant entered his plea. The trial court admonished appellant of that fact before accepting his plea. No enforceable agreement ever arose. *Williams*, 637 S.W.2d at 947.

The fourth potential issue discusses whether appellant's plea was knowing and voluntary where it was based on his mistaken belief he could successfully appeal the denial of his motion to enforce the plea agreement. The record affirmatively shows appellant acknowledged the trial court's admonition that there was no plea agreement and he was subject the full range of punishment. His trial counsel represented he also discussed those issues with appellant. Moreover, as counsel notes, nothing in this record indicates appellant's plea was based on inaccurate information from his counsel or the court.

4

The final group of potential issues discussed in counsel's brief concerns challenges to the sentence imposed. The record shows no complaint was presented to the trial court about appellant's sentence. Generally, the failure to timely raise a complaint in the trial court results in waiver of the complaint. *See* Tex. R. App. P. 33.1(a); *Solis v. State*, 945 S.W.2d 300, 301 (Tex.App.–Houston [1st Dist.] 1997, pet. ref'd). Moreover, it has long been the rule that assessment of a punishment within the limits set by the Legislature will not be disturbed on appeal. *See Nunez v. State*, 565 S.W.2d 536, 538 (Tex.Crim.App. 1978). Appellant's sentence was within the range provided for first degree felonies. *See* Tex. Pen. Code Ann. §§12.32 (first degree felony punishment); 29.03(b) (defining aggravated robbery as first degree felony) (Vernon 2003).

Appellant's *pro se* response repeats several of the matters addressed in his counsel's brief and we need not duplicate that discussion here. It also questions his trial counsel's failure to file a motion for new trial challenging the sentence imposed. As noted, the sentence imposed was within the range set by the Legislature. Appellant emphasizes the present conviction is the first time he has been sentenced to the Institutional Division. However, the court also had before it evidence of his previous commission of aggravated assault with a deadly weapon while he was a juvenile. Where the defendant's sentence is enhanced by a prior conviction, a reviewing court considers the defendant's criminal history. *See Thomas v. State*, 916 S.W.2d 578 (Tex.App.–San Antonio 1996, no pet.).

Appellant argues unidentified witnesses at the punishment hearing committed perjury and presents challenges to their credibility. Questions of credibility are within the exclusive purview of the finder of fact. *Manning v. State*, 68 S.W.3d 697, 698 (Tex.App.–

5

Corpus Christi 2000, pet. ref'd). Here that was the trial court judge. An appellate court may not substitute its judgment on a witness's credibility for that of the factfinder who observed the witness directly.

We have made an independent examination of the record to determine whether there are any non-frivolous grounds on which an appeal could arguably be founded. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We find no issues meriting remand for appointment of new appellate counsel. Our review does disclose the trial court's judgment incorrectly recites appellant pled true to the enhancement paragraph of the indictment. Because the record contains sufficient evidence to support the trial court's finding of true on the enhancement allegation, no harm results from this erroneous recitation in the judgment. Tex. R. App. P. 44.2(b). The Rules of Appellate Procedure authorize reformation of the judgment to correct errors of that type. *See Bigley v. State*, 865 S.W.2d 26, 27 (Tex.Crim.App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex.Crim.App. 1992); Tex. R. App. P. 43.2. We reform the trial court's judgment to reflect appellant pled not true to the enhancement paragraph. With that exception, we agree with counsel's assessment

that the record does not show any meritorious grounds for review. Accordingly, counsel's motion to withdraw is granted and we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.