NO. 07-04-0086-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 31, 2005



______________________________



JOSE L. QUINTANA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-404172; HONORABLE CECIL G. PURYEAR, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Jose L. Quintana appeals his conviction and sentence for the felony
offense of aggravated robbery. We agree with appointed counsel's conclusion that the
record fails to show any meritorious issue which would support the appeal. We do find
reformation of a portion of the judgment necessary, and affirm the trial court's judgment as
modified.

 Appellant was charged with three offenses, aggravated robbery, burglary of a
habitation and burglary of a building, arising out of the same transaction. According to a
motion to enforce a plea agreement filed by appellant he negotiated an agreement by which
he would plead guilty to aggravated robbery and receive a sentence of 15 years
confinement in exchange for dismissal of the other charges. After assignment of a new
prosecutor to the case and further negotiation, appellant accepted an offer of 12 years
confinement on his plea of guilty to the first two charges, and dismissal of the burglary of
a building charge. 

 Before the scheduled hearing on appellant's guilty plea the prosecutor withdrew the
offer, assertedly because of new information about appellant's prior offenses. A third
prosecutor made an offer of a 20 year sentence in exchange for a guilty plea on the
aggravated robbery charge. The original indictment was dismissed when appellant was
reindicted with the addition of a deadly weapon allegation and enhancement paragraph. 
Before entering a plea, appellant moved for enforcement of the prior plea offer of 12 years
confinement. The trial court denied the motion.

 Appellant judicially confessed, executed a waiver of rights and entered an open plea
of guilty on January 7, 2004. He was admonished, both orally and in writing, regarding the
effect of his plea. The trial court accepted appellant's plea, found the evidence established
he was guilty of the charged offense, and imposed a sentence of 99 years incarceration in
the Institutional Division of the Texas Department of Criminal Justice. Appellant timely
perfected appeal specifically directed to the denial of his motion to enforce the plea
agreement and his sentence. 

 Counsel for appellant has filed a motion to withdraw and a brief in support pursuant
to Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in
which he certifies that he has searched the record and, in his professional opinion, under
the controlling authorities and facts of this case, there is no reversible error or legitimate
grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus
concludes that the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978). The brief thoroughly discusses the procedural history of the case
and evidence presented at trial. In conformity with counsel's obligation to support the
appeal to the best of his ability, Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco
1994, pet. ref'd), the brief discusses seven potential complaints. If this court determines
the appeal has merit, we will remand it to the trial court for appointment of new counsel. 
Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 Counsel has certified that a copy of the Anders brief and motion to withdraw have
been served on appellant, and that counsel has advised appellant of his right to review the
record and file a pro se response. Johnson, 885 S.W.2d at 645. By letter, this court also
notified appellant of his opportunity to submit a response to the Anders brief and motion to
withdraw filed by his counsel. Appellant has filed a response. 

 The first three potential issues raised in counsel's brief concern the State's
withdrawal of the plea agreement offer of 12 years confinement. The fourth questions
whether appellant's plea was knowing and voluntary. The final three potential issues
address whether appellant's sentence was cruel and unusual in violation of the federal and
state constitutions. See U.S. Const. Am. VIII; Tex. Const. Art. I, §13. Appellant's pro se
response also discusses his trial counsel's failure to move for a new trial and presents
challenges to evidence presented at the punishment hearing

 We agree with counsel's assessment that the issues discussed do not present
meritorious issues on which an appeal may be predicated. Appellant's trial court motion
to enforce the plea agreement relied on Santobello v. New York, 404 U.S. 257, 92 S.Ct.
495, 30 L.Ed.2d 427 (1971), and Ex parte Chandler, 684 S.W.2d 700 (Tex.Crim.App.
1985). As appellant's appellate counsel correctly notes, a plea agreement does not
become effective until the plea has been entered and the court announces it will be bound
by the agreement. Ex parte Williams, 637 S.W.2d 943, 947 (Tex.Crim.App. 1982).

 Santobello and Chandler are distinguishable because in each of those cases the
defendant had entered his plea based on a promise from the prosecution. 404 U.S. at 262;
684 S.W.2d at 700. Here the State's offer was withdrawn before appellant entered his
plea. The trial court admonished appellant of that fact before accepting his plea. No
enforceable agreement ever arose. Williams, 637 S.W.2d at 947.

 The fourth potential issue discusses whether appellant's plea was knowing and
voluntary where it was based on his mistaken belief he could successfully appeal the denial
of his motion to enforce the plea agreement. The record affirmatively shows appellant
acknowledged the trial court's admonition that there was no plea agreement and he was
subject the full range of punishment. His trial counsel represented he also discussed those
issues with appellant. Moreover, as counsel notes, nothing in this record indicates
appellant's plea was based on inaccurate information from his counsel or the court. 

 The final group of potential issues discussed in counsel's brief concerns challenges
to the sentence imposed. The record shows no complaint was presented to the trial court
about appellant's sentence. Generally, the failure to timely raise a complaint in the trial
court results in waiver of the complaint. See Tex. R. App. P. 33.1(a); Solis v. State, 945
S.W.2d 300, 301 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd). Moreover, it has long
been the rule that assessment of a punishment within the limits set by the Legislature will
not be disturbed on appeal. See Nunez v. State, 565 S.W.2d 536, 538 (Tex.Crim.App.
1978). Appellant's sentence was within the range provided for first degree felonies. See
Tex. Pen. Code Ann. §§12.32 (first degree felony punishment); 29.03(b) (defining
aggravated robbery as first degree felony) (Vernon 2003).

 Appellant's pro se response repeats several of the matters addressed in his
counsel's brief and we need not duplicate that discussion here. It also questions his trial
counsel's failure to file a motion for new trial challenging the sentence imposed. As noted,
the sentence imposed was within the range set by the Legislature. Appellant emphasizes
the present conviction is the first time he has been sentenced to the Institutional Division. 
However, the court also had before it evidence of his previous commission of aggravated
assault with a deadly weapon while he was a juvenile. Where the defendant's sentence
is enhanced by a prior conviction, a reviewing court considers the defendant's criminal
history. See Thomas v. State, 916 S.W.2d 578 (Tex.App.-San Antonio 1996, no pet.). 

 Appellant argues unidentified witnesses at the punishment hearing committed
perjury and presents challenges to their credibility. Questions of credibility are within the
exclusive purview of the finder of fact. Manning v. State, 68 S.W.3d 697, 698 (Tex.App.-
Corpus Christi 2000, pet. ref'd). Here that was the trial court judge. An appellate court may
not substitute its judgment on a witness's credibility for that of the factfinder who observed
the witness directly. 

 We have made an independent examination of the record to determine whether
there are any non-frivolous grounds on which an appeal could arguably be founded. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State,
813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We find no issues meriting remand for
appointment of new appellate counsel. Our review does disclose the trial court's judgment
incorrectly recites appellant pled true to the enhancement paragraph of the indictment. 
Because the record contains sufficient evidence to support the trial court's finding of true
on the enhancement allegation, no harm results from this erroneous recitation in the
judgment. Tex. R. App. P. 44.2(b). The Rules of Appellate Procedure authorize reformation
of the judgment to correct errors of that type. See Bigley v. State, 865 S.W.2d 26, 27
(Tex.Crim.App. 1993); French v. State, 830 S.W.2d 607, 609 (Tex.Crim.App. 1992); Tex.
R. App. P. 43.2. We reform the trial court's judgment to reflect appellant pled not true to
the enhancement paragraph. With that exception, we agree with counsel's assessment 


that the record does not show any meritorious grounds for review. Accordingly, counsel's
motion to withdraw is granted and we affirm the judgment of the trial court.


 James T. Campbell

 Justice



Do not publish.