IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,280




EX PARTE MICHAEL DEAN SAMUELSON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. F43449A IN THE 249TH JUDICIAL DISTRICT COURT
FROM JOHNSON COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one count of
placement of a serial number with intent to change identity, and two counts of theft, and was
sentenced to eight years’ imprisonment. He did not appeal his conviction. 
            Applicant contends that his plea was involuntary because the plea agreement cannot be
followed. We remanded this application to the trial court for findings of fact and conclusions of law.
            Trial counsel filed an affidavit with the trial court. Based on that affidavit, the trial court
determined that Applicant pleaded guilty pursuant to an agreement that this sentence would run
concurrently with a Missouri parole revocation sentence. However, Applicant’s Missouri parole has
not yet been revoked, and he is currently serving his sentence in TDCJ with a hold from Missouri
in effect. When Applicant is released from custody in Texas, it will be within the discretion of the
Missouri Parole Division whether or not to credit Applicant’s Texas prison time against his Missouri
sentence. Applicant is entitled to relief. Ex parte Chandler, 684 S.W.2d 700, 701 (Tex. Crim. App.
1985). Because the plea agreement in this case is unenforceable, Applicant is entitled to withdraw
his plea. Relief is granted. The judgment in Cause No. F43449A in the 249th Judicial District Court
of Johnson County is set aside, and Applicant is remanded to the custody of the Sheriff of Johnson
County to answer the charge against him.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: January 27, 2010
Do Not Publish