

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,505

**EX PARTE DAVID CARL SMITH Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10161JD IN THE 1ST  DISTRICT COURT
### FROM JASPER COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault with a deadly weapon and sentenced to ten years' imprisonment. The Ninth Court of Appeals affirmed his conviction. *Smith v. State*, 09-07-368-CR (Tex. App.–Beaumont, Oct. 8, 2008) (not designated for publication).

Applicant pleaded guilty pursuant to a plea agreement that called for six years' deferred adjudication community supervision following successful completion of substance abuse felony

punishment (SAFP). After Applicant was psychologically discharged from the substance abuse felony punishment facility (SAFPF) he was adjudicated guilty for failing to successfully complete SAFP. Applicant contends, *inter alia*, that his plea was involuntary because his participation in a SAFPF was impossible due to his mental health diagnosis and condition. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court held a live hearing and issued findings of fact and conclusions of law recommending that relief be denied. The trial court concluded that applicant's psychological discharge from the SAFPF "was due to Applicant's own conduct or behavior while at SAFPF." This finding is not supported by the record from the adjudication hearing which contains extensive testimony from Dr. Thomas Crews, Applicant's primary counselor at the SAFPF. Dr. Crews's testimony makes plain that Applicant was discharged not for his actions while at the SAFPF, but for the fact that Applicant's particular diagnosis made him incompatible with housing and treatment in a SAFPF.

Participation and successful completion of the substance abuse felony punishment was an affirmative element of Applicant's plea bargain, performance of which was impossible due to Applicant's mental health diagnosis. Applicant is entitled to relief. *Ex parte Bunton*, 623 S.W.2d 418, 419 (Tex. Crim. App. 1981).

Relief is granted. The judgment in Cause No. 10161JD in the 1st Judicial District Court of Jasper County is set aside, and Applicant is remanded to the custody of the Sheriff of Jasper County to answer the charges against him .

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 2, 2011
Do Not Publish