**Opinion filed December 4, 2014**



# In The

# Eleventh Court of Appeals

_____

## No. 11-14-00298-CR
_____

## DANNY JOE BEAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 10536-A**

## M E M O R A N D U M   O P I N I O N

Years after his felony conviction for the aggravated sexual assault of an elderly person, Appellant, Danny Joe Bean, filed in the trial court petitions to withdraw his plea of guilty. Appellant asked to withdraw his guilty plea because the State had breached the terms of the plea bargain and because Appellant was not admonished regarding the requirement that he register as a sexual offender. *See Ex parte Burton*, 623 S.W.2d 418 (Tex. Crim. App. 1981). The trial court denied Appellant's petitions and his motions for reconsideration, and Appellant filed a notice of appeal. Upon docketing this case, we notified Appellant by letter that it

did not appear that this court was authorized to entertain Appellant's appeal. We requested that Appellant file a response showing grounds to continue and informed Appellant that the appeal was subject to dismissal. Appellant filed a response but has not shown grounds upon which this appeal may continue.

An appellate court has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). An order denying a motion to withdraw a guilty plea is not a final, appealable order. *Hernandez-Prado v. State*, No. 13-10-00513-CR, 2011 WL 1205239, at *2 (Tex. App.—Corpus Christi Mar. 31, 2011, no pet.) (mem. op., not designated for publication). An intermediate appellate court has no jurisdiction to review the denial of a petition for relief that is "in the nature of an attack on the final felony conviction" and is essentially an application for an 11.07 writ of habeas corpus. *Ex parte Lucas*, No. 10-09-00374-CR, 2009 WL 5156221, at *1 (Tex. App.—Waco Dec. 30, 2009, no pet.) (mem. op., not designated for publication); *see* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014). Furthermore, Appellant's notice of appeal was filed more than eighteen years after his sentence was imposed and was, thus, untimely. *See* TEX. R. APP. P. 26.2. Accordingly, we lack jurisdiction over this appeal. *See Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998).

The appeal is dismissed for want of jurisdiction.

PER CURIAM

December 4, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2