Ex parte George Harley **PERKINS** aka George **Gibbs.**

No. 69523.

Court of Criminal Appeals of Texas, En Banc.

March 19, 1986.

---

2. There was evidence that while on probation he had been allowed to go to Tennessee to seek employment.

George Harley Perkins, pro. se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is a post conviction application for writ of habeas corpus filed pursuant to the provisions of Article 11.07, V.A.C.C.P.

Applicant alleges that the State and the trial court failed to honor the terms of his plea bargain agreement in direct contravention of the United States Supreme Court's holding in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). He furthermore alleges that his attorney failed to urge that the terms of his agreement be honored, or to take any action to insure that the bargain be kept. The applicant alleges that this failure constituted ineffective assistance of counsel and deprived him of the valuable right guaranteed to him under the Sixth Amendment of the United States Constitution. This claim also implicates applicant's rights under Article I, Section 10 of the Texas Constitution.

It appears that there was no hearing in district court to determine the merits of applicant's claim. Consequently, there are no findings of fact or conclusions of law filed in this matter. However, a complete transcript of the proceedings in which applicant's plea was taken is before us.

The record reflects that applicant entered a plea of guilty to the offense of burglary, V.T.C.A., Penal Code, Section 30.-02, in the 316th District Court of Hutchinson County on February 4, 1985. Applicant was sentenced to ten years' confinement in the Texas Department of Corrections. At the time applicant entered his plea of guilty, the federal government had revoked his parole for a previous federal conviction. The United States Marshall stationed in Houston had accordingly filed a detainer with the Sheriff of Hutchinson County. This detainer requested that, upon the disposition by State authorities of applicant's burglary charge, he be remanded to federal custody to complete his sentence.

The record shows that the applicant entered his plea with the understanding that the State sentence would run concurrently with the federal sentence. The prosecuting attorney, applicant's attorney and the trial judge were in complete agreement that upon sentencing the court would order applicant turned over to the sheriff, who in turn would be instructed to return applicant to federal custody. The federal authorities, however, subsequently withdrew their detainer with the local sheriff and refused custody of applicant. They then filed a similar detainer with the officials in the Texas Department of Corrections requesting that, upon completion of his sentence for burglary, the applicant be handed over to federal custody to serve his federal sentence.

The effect of this sequence of events is that the applicant's State sentence must be served prior to the federal sentence. The applicant's State sentence cannot now be served concurrently with his federal sen-

tence. His sentence will now run consecutively. See Section 18, USC, Section 3568. The applicant, therefore, reasons that he was denied the benefit of his plea bargain.

 It is well established that when a defendant enters a plea of guilty pursuant to a plea bargain agreement the State is bound to carry out its part of the bargain. *Santobello v. New York,* supra; *Ex parte Burton,* 623 S.W.2d 418 (Tex.Cr.App.1981). If the prosecution fails to live up to its part of the bargain, the plea of guilty can in no way be considered truly voluntary. *Ex parte Burton,* supra; *Bass v. State,* 576 S.W.2d 400 (Tex.Cr.App.1979). The appropriate relief when the agreement is not honored is either specific enforcement of the agreement or withdrawal of the plea, depending on the circumstances of the case. *Ex parte Burton,* supra; *Joiner v. State,* 578 S.W.2d 739 (Tex.Cr.App.1979).

This Court has considered very similar claims on writs of habeas corpus in the past. *Ex parte Huerta,* 692 S.W.2d 681 (Tex.Cr.App.1985); *Ex parte Chandler,* 684 S.W.2d 700 (Tex.Cr.App.1985); *Ex parte Young,* 684 S.W.2d 704 (Tex.Cr.App. 1985); *Ex parte Burton,* supra. We have often granted relief in situations in which it is clear the applicant was not informed that the State authorities have no ability to control the decision made by federal officials in these matters. See *Ex parte Huerta,* supra; *Ex parte Young,* supra; *Ex parte Chambers,* supra; see also, *Ex parte Huerta,* supra, concurring opinion by Presiding Judge Onion, at page 685.

 However, in this case, applicant was made fully aware that the State authorities could not control the federal authorities and was informed that the court would order the State sentence to run concurrently with the federal sentence *if the federal authorities* took immediate custody of him. A fair reading of the record reveals that the applicant was fully aware of the circumstances and merely chose to gamble that he would be able to serve his sentences concurrently. He then received the benefit of his bargain. Nothing in our law requires the State to rectify a mistake in judgment made by a defendant who later decides that the terms of his wholly voluntary bargain are not to his liking. See *Ex parte Davenport,* 688 S.W.2d 875 (Tex.Cr. App.1985).

At one point in the proceeding in which applicant entered his plea, the following exchange occurred between the court, the applicant, his attorney and the district attorney:

"Further, with the understanding that the State has no control or input over what goes on in the Federal system, the defendant is currently under a detainer for a Federal Parole violation and he will be released immediately to the custody of the Federal Authorities on that parole violation.

"THE COURT: Counsel, as counsel for the defendant, is that your understanding of the plea bargaining agreement and is that your agreement?

"MR. BLACK: That's correct, Your Honor.

"THE COURT: Mr. Perkins, as the defendant in this case, has the State correctly stated your agreement?

"DEFENDANT: Yes, sir.

'THE COURT: Mr. Perkins, is this your agreement?

"DEFENDANT: Yes, sir."

At another point, the following exchange between the applicant and his counsel occurred:

"Q. Now you understand that the plea bargain today is for ten years in the Texas Department of Corrections and that you are to be released to Federal custody immediately after this hearing. Do you understand that?

"A. Yes, sir. I do.

"Q. You also understand that neither I nor Mr. Carper, or especially myself, don't have any control over what the Federal system does after you are released to them?

"A. Yes, sir.

"Q. That's a decision that Mr. Carper can't control and I can't control since I

represent you here in the State court, do you understand that?

"A. Yes, I do.

"Q. Concerning the plea bargain, was it your decision to accept this plea bargain in this case?

"A. It was."

At the close of the proceedings, the following exchange occurred:

"MR. BLACK: Your Honor, for purposes of the record, I would like to ask the Court to specifically approve the part of the plea bargain concerning his release to Federal custody at this time.

"THE COURT: The Court now orders his release into Federal custody to the Sheriff."

It is clear that the applicant was fully aware of all the possible ramifications of his plea agreement. He apparently entered into this agreement hoping the federal authorities would take him into custody immediately and that he could discharge both of his obligations at once. This proved to be a misplaced hope, but the plea agreement was voluntarily entered.

■ We now address applicant's contention that he received ineffective assistance of counsel. The adequacy of an attorney's services to the accused must be gauged by the totality of the representation. *Passmore v. State,* 617 S.W.2d 682 (Tex.Cr.App.1981); *Van Sickle v. State,* 604 S.W.2d 93 (Tex.Cr.App.1980) (Opinion on State's Motion for Rehearing). Allegations of ineffective assistance of counsel will be sustained only if they are firmly grounded. *Romo v. State,* 631 S.W.2d 504 (Tex.Cr.App.1982). Counsel is not to be judged as ineffective merely because hindsight shows that a different stategy would have produced a more desirable result for the accused. *Mercado v. State,* 615 S.W.2d 225 (Tex.Cr.App.1981).

■ As to the applicant's contention that he received ineffective assistance of counsel, all that need be said is that the record shows that the defense attorney went to great lengths to ascertain that his client made an intelligent and voluntary decision. Applicant's attorney had no control over the administrative decisions made by the officials of the Federal prison system. He made this clear to the applicant.

The relief sought is denied.

CLINTON and TEAGUE, JJ., dissent