IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-011-CR




TOD DURELLE KOCIAN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL

DISTRICT

NO. 89-078-K, HONORABLE WILLIAM S. LOTT, JUDGE


 





PER CURIAM

 A jury found appellant guilty of aggravated robbery and assessed punishment at
imprisonment for ninety years and a $10,000 fine. Tex. Pen. Code Ann. § 29.03 (Supp. 1991). 
At his request and after being fully admonished, appellant represents himself on appeal. Hubbard
v. State, 739 S.W.2d 341 (Tex. Cr. App. 1987).

 On February 5, 1989, appellant entered a convenience store in Williamson County,
pointed a pistol at the attendant, and demanded that she "Give me the money." The attendant,
who testified that appellant's actions placed her in fear for her life, complied with appellant's
demand.

 In related points of error, appellant urges that the trial court erred by refusing to
submit a charge on the lesser included offense of robbery and that the evidence is insufficient to
sustain a conviction for aggravated robbery. These points of error are based on appellant's
contention that the State failed to prove that appellant used "a deadly weapon, namely a firearm,"
as alleged in the indictment and found by the jury.

 The complaining witness referred to the weapon wielded by appellant as a "gun"
and an "automatic." An automatic pistol identified by the victim as being similar to the weapon
carried by appellant was introduced in evidence and was forwarded to this Court for examination. 
Tex. R. App. P. Ann. 51(d) (Pamph. 1990). A police officer answered affirmatively when asked,
"[T]his pistol, if it were fired at or into someone, would it be capable of causing death or serious
bodily injury?" We find the evidence sufficient to sustain the jury's finding that appellant used
a firearm, a deadly weapon, during the course of the robbery. Wright v. State, 591 S.W.2d 458
(Tex. Cr. App. 1979); Benavides v. State, 763 S.W.2d 587 (Tex. App. 1988, pet. ref'd). Points
of error three, four, and six are overruled.

 In point of error one, appellant argues that the trial court erred by overruling a
motion for mistrial made after potential jurors saw him dressed in jail whites, handcuffed and in
leg irons. The incident in question occurred when appellant was brought to the courtroom on the
first day of trial. Approximately twenty people, some of whom may have been potential jurors,
were in the court house rotunda at the time, in a position to see appellant.

 The motion for mistrial was made and overruled before jury selection began. 
During the subsequent voir dire, no effort was made to determine if any member of the panel had
actually seen appellant dressed in jail clothes. No request was made for a curative instruction. 
No motion for new trial on this basis was filed. There being no evidence that a juror saw
appellant dressed in jail clothes and in shackles, no error is presented.

 Appellant next complains that it was error to permit the State to introduce evidence
of his attempted escape from custody while awaiting trial in this cause. Appellant points out that
at the time of the escape attempt, he had been convicted in another jurisdiction and faced a term
of imprisonment of forty-five years. It is appellant's argument that there was no showing that the
escape attempt related to the instant offense.

 Evidence of escape and flight is admissible on the issue of guilt, even if the
defendant may be charged at the time with a number of unrelated offenses. Hodge v. State, 506
S.W.2d 870, 873 (Tex. Cr. App. 1974) (opinion on motion for rehearing). The burden is on the
accused to show affirmatively that the escape is directly connected to some other transaction and
that it is not connected to the offense on trial. Id. Appellant made no such showing, and the fact
that he was facing certain imprisonment at the time of the escape went only to the weight of the
evidence. Id. This point of error is overruled.

 Finally, appellant complains that he did not receive effective assistance of counsel
during the punishment stage of his trial. In such cases, we must determine whether counsel's
performance was reasonably effective in light of the totality of the representation of the defendant. 
Ex parte Walker, 777 S.W.2d 427, 430-31 (Tex. Cr. App. 1989); Ex parte Cruz, 739 S.W.2d 53,
57-58 (Tex. Cr. App. 1987). The right to effective assistance of counsel does not mean errorless
counsel or counsel whose competence is judged by hindsight. Mercado v. State, 615 S.W.2d 225
(Tex. Cr. App. 1981). A finding of ineffectiveness must be firmly grounded in the record. Ex
parte Perkins, 706 S.W.2d 320, 323 (Tex. Cr. App. 1986).

 Appellant's only complaint is that counsel failed to object to several statements
made by the prosecutor during argument at the punishment stage. In these statements, the
prosecutor asked the jury to consider appellant's attempted escape and his previous convictions
for aggravated robbery, which were also in evidence, in assessing punishment. These were
legitimate pleas for law enforcement. In any event, a finding of ineffectiveness may not be based
on isolated errors by counsel. We conclude that counsel's performance, as a whole, fell within
the range of professionally competent assistance.

 The judgment of conviction is affirmed.



[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: April 24, 1991

[Do Not Publish]