cr9-144 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-89-144-CR





WILLIE RAY ROBERSON,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT



NO. 88-516-K, HONORABLE JOHN R. CARTER, JUDGE




 




 After a jury convicted Willie Ray Roberson for delivery
of a controlled substance (three counts), the district court
assessed punishment at two concurrent fifty-year sentences and a
ten-year sentence which the court probated. Willie Ray Roberson
raises numerous points of error including the complaint that at
trial he was denied effective assistance of counsel. We will
reverse the judgment of conviction and remand the cause for a new
trial.



BACKGROUND


 Appellant Willie Ray Roberson and his identical twin
brother, Willie James Roberson, were both arrested, indicted, and
convicted for selling cocaine to undercover peace officers during
the summer of 1988 in Taylor, Texas. At trial, Willie Ray Roberson
asserted the defense of mistaken identity.

 The State indicted Willie Ray Roberson for selling
cocaine to Shane Hayes on the 21st and 27th of July 1988 and to
Officer Delarosa on July 27, 1988. Willie Ray's brother, Willie
James, was also indicted for selling cocaine to Hayes and Delarosa
during July of 1988. In fact, both Willie Ray Roberson and Willie
James Roberson were convicted for selling cocaine in Williamson
County to Shane Hayes on the very same day, July 21st. 

 At trial, Willie Ray Roberson testified that he did not
sell drugs to Hayes and Delarosa. He did testify, however, that he
asked his brother, Willie James, whether he had sold drugs to
undercover officers Hayes and Delarosa. Willie James allegedly
responded that he probably had since he had sold drugs to a lot of
people. Willie James Roberson also testified in defense of his
brother. He stated at the outset that on Monday, the day
appellant's trial began, he pleaded guilty to selling drugs to
Officer Hayes on July 21st and to Officer Delarosa in cause number

89-080-K. In addition, he testified that he regularly sold cocaine
in Taylor, Texas.

 During the State's case-in-chief, Officer Hayes
testified, among other things, that he purchased cocaine from
Willie Ray Roberson in Taylor on July 21st (the same day of the
cocaine sale from Willie James to Officer Hayes). Officer Hayes
testified that he met individually with Willie Ray Roberson that
day and bought one quarter gram of cocaine. 

 During the trial, Officers Hayes, Delarosa, and Clark,
members of the Greater Austin Area Organized Crime Unit, all
admitted that they had difficulty telling the twins apart, but that
they could differentiate them from one another based upon the
relative length of each brother's hair -- Willie Ray's hair was a
little longer than Willie James'. The African-American twins both
have dark, tightly-curled hair. Officer Clark, who headed-up the
team, testified that on July 2nd, Chief Bengton of the Taylor
Police Department had confused the brothers and arrested appellant
instead of Willie James who was wanted on a theft charge. The
Taylor Police took a photograph of Willie Ray which was entered
into evidence at the trial. Several other pictures of each brother
were also entered into evidence, but these pictures were all taken
several months after the July undercover operation.

 Officers Hayes and Delarosa testified that during the
undercover operation, Officer Clark supplied them with pictures
depicting the twins' current appearance so that they could
distinguish them. None of the officers were able to produce the
pictures used by Officer Clark to show Hayes and Delarosa how
Willie Ray's appearance differed from Willie James'. 

 Officer Clark testified that the brothers were like two
identical cars going down the street. He stated that you would
have to get close to them, side by side, in order to tell them
apart. Officer Hayes testified that he initially came to know
Willie Ray Roberson through an unidentified confidential informant.
Finally, Officer Delarosa testified that the only time he met
Willie Ray Roberson was during their July 27th transaction.



DENIAL OF EFFECTIVE ASSISTANCE STANDARD


 Strickland v. Washington, 466 U.S. 668 (1984), provides
the standard for determining whether a defendant was denied
effective assistance of counsel. The Strickland test encompasses
a two-part analysis: (1) upon appellant's identification of the
acts or omissions of his trial counsel that are alleged to be
deficient, we must determine whether, in light of all of the
circumstances viewed at the time of trial, counsel's performance
was "outside the wide range of professionally competent assistance"
-- was counsel's assistance not objectively reasonable; and, if so,
(2) appellant must demonstrate "that there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different." 466 U.S. at
690, 694; accord Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Cr.
App. 1986). "Probability sufficient to undermine confidence in the
outcome" constitutes "reasonable probability." Strickland, 466
U.S. at 694.

 In order for Willie Ray Roberson to meet his burden with
respect to the first prong of the Strickland standard, he must
overcome the presumption that his counsel's actions or inactions
"might be considered sound trial strategy." Id. at 689. When we
analyze appellant's claim, we must be mindful of the "totality of
the representation" rather than "isolated acts or omissions." 
Butler v. State, 716 S.W.2d 48, 54 (Tex. Cr. App. 1986). Finally,
we will sustain allegations of a denial of effective assistance
only if the allegations are firmly grounded in the record before
us. Ex parte Perkins, 706 S.W.2d 320, 323 (Tex. Cr. App. 1986).



ANALYSIS AND HOLDING


 The appellate record is replete with defense counsel's
omissions that were inconsistent with sound trial strategy and that
cumulatively denied Willie Ray Roberson effective assistance of
counsel. We reach this conclusion in the context of appellant's
claim that he was a victim of mistaken identity. We note that
counsel's explicit trial strategy involved appellant's assertion
that the undercover officers had confused him with his identical
twin brother also named "Willie."

 Trial counsel's ineffectiveness flowed primarily from his
failure to raise objections or to diligently pursue discovery. 
Officers Clark, Hayes, and Delarosa testified that they relied upon
current pictures of the twins during their undercover operation in
order to distinguish them. When asked at trial, none of the
officers would produce the specific photographs used during the
operation, and counsel did not press the officers for an
explanation as to why they would not produce them. Thus, no
picture depicting Willie James during the time period of the
operation was introduced into evidence. In addition, the record
indicates that none of the pre-trial motions were acted upon by the
court, including a motion for discovery which requested production
of all photographs used during the State's investigation. 
Apparently, the pre-trial hearing was waived, and defense counsel
made no attempt to secure a ruling on any of the various pre-trial
motions contained in the record.

 With regard to the confidential informants involved in
the case, defense counsel's only attempt to obtain their identities
involved a simple request of the officers at trial. The officers
declined in order to protect the informants' welfare. Counsel did
not request a pre-trial identification hearing in which the court
might have forced disclosure of the informants' identities if the
court determined that they were necessary for the determination of
guilt and innocence. See Tex. R. Cr. Evid. Ann. 508(c)(2) (Pamp.
1990). Counsel's lack of diligence here is especially notable in
the context of identical twins, especially twins with the same
first and last names. Officer Hayes' trial testimony underscored
the potential importance of the identity of one of the informants. 
Hayes testified that he initially met Willie Ray through a
confidential informant; that he relied upon this informant to
identify appellant; and that as far as he could recall, the
informant did not even know appellant's brother, Willie James.

 Defense counsel's most egregious error in the context of
this case was his failure to object to the court's charge. He
failed to inspect the charge before telling the court that he had
no objection to it:

THE COURT: Mr. Grimes, have you had a chance to look at the charge?


MR. GRIMES: No, I haven't.


THE COURT: Mr. Grimes do you have any objections to the charge?


MR. GRIMES: No, your honor.


THE COURT: State?


MR. WOMACK: No, your honor.


THE COURT: Okay, you can bring them in, Frank.

The charge given to the jury contained no special instructions; it
set forth the conduct charged through a negative presentation.

 Although the law on a defendant's right to an affirmative
instruction on mistaken identity has narrowed considerably,
counsel's failure to even preserve error as to the propriety of the
charge is glaring considering that both appellant and his twin
brother were separately convicted for identical conduct, not
involving an accomplice. See Wilson v. State, 581 S.W.2d 661, 668
(Tex. Cr. App. 1979) (Roberts, J. concurring). 

 Appellant Willie Ray was convicted for conduct described
in his indictment as follows:

[O]n or about the 21st day of July, A.D. 1988, in the
County of Williamson and State of Texas, Willie Ray
Robe[r]son intentionally and knowingly delivered Cocaine
to Shane Hayes by actual transfer, constructive transfer,
and an offer to sell. . . . 

Willie James pleaded guilty to the same conduct described in a
separate indictment as follows:

[O]n or about the 21st day of July, A.D. 1988, in the
County of Williamson and State of Texas, Willie James
Robe[r]son intentionally and knowingly delivered Cocaine
to Shane Hayes by actual transfer, constructive transfer,
and offer to sell. . . .

 At trial, Officer Hayes' account of the July 21st buy
from appellant did not include any accomplice. In fact, his
testimony indicated by negative implication that he had not 
purchased cocaine from appellant's brother on July 21st:

STATE: So, what happened between the two of you
[Officer Hayes and appellant]?


HAYES: I asked him if Sherman was around and he told
me no . . . and asked me if he could help me
with anything. . . . And he again asked me,
he said, "Well maybe I can do something for
you." And at that time I said, Well, I was
looking for some coke, cocaine. . . . And he
said he had it, and pulled it out of his 
pocket.


* * * * *



STATE: Now, I want to know if you found later that
this defendant, Willie Ray Roberson, did in
fact have a twin brother?


HAYES: Yes, sir.


* * * * *



STATE: And did you buy drugs from him?


HAYES: Yes, sir.


STATE: So you have dealt with both of these people?


HAYES: Yes, sir.


STATE: And your [sic] able to tell them apart? 


HAYES: Yes, sir.


STATE: But at that time you knew him [appellant] only
by the name he had given you, which was Twin?


HAYES: Yes, sir.


STATE: And he gave you--


HAYES: Two dimes.


STATE: Two dime bags of what was represented to be
cocaine?


HAYES: Yes, sir.


STATE: And this was on the 21st of July, 1988 in
Williamson County, Texas?


HAYES: In Taylor. 



(Emphasis added.)

 We also note that defense counsel failed to exploit the
inconsistency between Hayes' testimony above and Willie James
Roberson's subsequent testimony that he pleaded guilty to selling
cocaine to Officer Hayes a couple of times, including on July 21st.

 The record reveals several other examples of counsel's
deficient performance. Counsel failed to object to the court's
award of a ten-year probated sentence on one of the counts charged. 
The State sought probation, even though appellant did not request
it, so that appellant would be on probation after he was released
from the penitentiary. In addition, the record reveals numerous
errors during jury selection including counsel's failure to
preserve error for juror challenges denied by the court.

 Appellant acknowledges that none of the identified
omissions standing alone, would justify reversal. We agree. 
However, counsel's overall performance fell outside the "wide range
of professionally competent assistance" required under the United
States and Texas Constitutions. Strickland, 466 U.S. at 690;
Hernandez, 726 S.W.2d at 57; Butler, 716 S.W.2d at 54. In
addition, and in light of the undercover officers' admitted
difficulty in distinguishing the twins and Willie James' admission
that he sold cocaine to the undercover officers, we conclude that,
but for counsel's errors, there is a reasonable probability that
the result of the trial would have been different. Strickland, 466
U.S. at 690; Hernandez, 726 S.W.2d at 57. Accordingly, we sustain
appellant's ninth point of error.

 Because appellant was denied effective assistance of
counsel, we find it unnecessary to reach the other eight points of
error raised on appeal.

 We reverse the judgment of the district court and remand
the cause for a new trial.



 

 Jimmy Carroll, Justice


[Before Chief Justice Shannon, Justices Carroll and Aboussie]

Reversed and Remanded

Filed: September 26, 1990

[Publish]