**Ex parte Richard REYNA.**

No. 69519.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 8, 1986.

Hal Hemstreet, Sugar Land, for appellant.

Sam D. Millsap, Jr., Dist. Atty., and Charles Estee, Asst. Dist. Atty., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

ORDER

PER CURIAM.

This is an application for a writ of habeas corpus which was submitted to this Court by the trial court pursuant to the provisions of Article 11.07, V.A.C.C.P. *Ex parte Young,* 418 S.W.2d 824 (Tex.Cr.App.1967).

The applicant was convicted of the offense of aggravated robbery; and the punishment was assessed at 18 years in the Texas Department of Corrections. No direct appeal was taken.

In his present application, the applicant contends that his plea of guilty was involuntarily made due to a broken or unenforceable plea bargain agreement. Specifically, applicant contends his conviction in Texas is not running concurrently with sentences applicant received in Mississippi, as was agreed.

It is the Court's opinion that additional facts need to be developed and that the trial court is the appropriate forum. Therefore, the trial court is ordered to hold an evidentiary hearing to allow the applicant to more fully develop his allegations. The trial court should then make findings of fact as to what were the terms of the plea bargain agreement between the State and the applicant, what explanation of the terms of the agreement was given to the applicant by the trial court, the prosecutor, or his counsel, and specifically whether the State agreed to promptly return the applicant to the State of Mississippi for the serving of his sentences. The trial court should also make any further findings of fact and conclusions of law which it deems relevant and appropriate to the disposition of the applicant's application for habeas corpus relief.

Since this Court does not hear evidence, *Ex parte Rodriguez,* 169 Tex.Cr.R. 367, 334 S.W.2d 294 (Tex.Cr.App.1960), this application for a post-conviction writ of habeas corpus will be held in abeyance pending the trial court's compliance with this order. The hearing ordered herein shall be held within 90 days of the date of this

**922**

order.[1] A transcription of the court reporter's notes and the trial court's findings of fact shall be returned to this Court within 120 days of the date of this order.[2]

TEAGUE, Judge, dissenting.

Because the majority opinion orders the trial judge in this cause to waste his precious judicial time, so that he can develop unnecessary additional facts, I am compelled to dissent.

The record reflects that after Richard Reyna, applicant, through counsel, filed his application for writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P., the State filed an answer. However, it did not controvert what the applicant had asserted in his application, but in reality only asserted that this Court's decision of *Ex parte Huerta*, 692 S.W.2d 681 (Tex.Cr.App.1985), should be overruled. Hon. Roy R. Barrera, Jr., the trial judge, thereafter entered an order in which he recommended that applicant be granted relief. The State did not then nor has it ever objected to Judge Barrera's findings or recommendation.

In principle, either legally or factually, there is no difference between what is in the record of this cause and the records of *Ex parte Huerta*, supra; *Ex parte Burton*, 623 S.W.2d 418 (Tex.Cr.App.1981); *Ex parte Chandler*, 684 S.W.2d 700 (Tex.Cr. App.1985); and *Ex parte Young*, 684 S.W.2d 704 (Tex.Cr.App.1985). Thus, there is no necessity for Judge Barrera to hold a hearing in this cause. Because the majority orders a useless thing to be done, I dissent.

CLINTON, J., joins.

---

**1.** In the event any continuances are granted, copies of the order granting the continuance should be provided to this Court.

**2.** Any extensions of this time period should be obtained from this Court.