83,127-01

MOTION DISMISSED
DATE: 4-24-15
BY: P.C.

RANDY J. KAIZER # 1730604
C.T.TERRELL UNIT
1300 F.M. 655
ROSHARON, TX 777583

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 23 2015

Abel Acosta, Clerk

COURT OF CRIMINAL APPEALS
CLERK, ABEL ACOSTA
P.O.Box 12308
AUSTIN, TX 78711

RE: RANDY J. KAIZER V. THE STATE OF TEXAS CAUSE NO: 10-CR-2388A

DEAR CLERK,

PLEASE FIND ENCLOSED FOR FILING PURPOSE THE FOLLOWING:

SUGGESTION FOR REMAND TO THE TRIAL COURT FOR AN EVIDENTIARY HEARING

PLEASE FILE SAID SUGGESTION AND BRING IT TO THE ATTENTION OF THE

COURT.

THANK YOU VERY MUCH FOR YOUR KIND ATTENTION IN THIS MATTER

PLEASE CONTACT ME AT THE ABOVE ADDRESS WITH ANY RESPONDS.

RESPECTFULLY

RANDY J. KAIZER # 1730604
C.T.TERRELL UNIT
1300 F.M. 655
ROSHARON, TX 77583

IN THE COURT OF CRIMINAL APPEALS

WR NO:

EX PARTE
RANDY J. KAIZER
APPLICANT

§
§
§
§
§
§

IN THE 28th JUDICIAL DISTRICT

COURT OF

NUECES COUNTY, TEXAS

SUGGESTION FOR A REMAND TO THE TRIAL COURT FOR AN EVIDENTIARY HEARING

TO THE HONONABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, RANDY J. KAIZER, APPLICANT, PRO-SE IN THE ABOVE STYLE CAUSE NUMBER AND RESPECTFULLY SUGGEST THIS COURT, TO REMAND THE APPLICANT'S APPLICATION TO THE 28th DISTRICT COURT WITH AN ORDER FOR THE TRIAL COURT TO HOLD AN EVIDENTIARY HEARING FOR THE FOLLOWING REASONS, TO-WIT:

I.

APPLICANT WAS CONVICTED IN THE ABOVE CITED TRIAL COURT FOR, CONTINOUS SEXUAL ASSAULT OF A CHILD; INDENCY WITH A CHILD; AND AGGRAVATED SEXUAL ASSAULT OF A CHILD AND WAS SENTENCED TO 60 YEARS ON COUNTS 1,3,4 and 20 YEARS ON COUNT 2 ran CURRENTLY. FOLLOWING AN UNSUCCESSFUL DIRECT APPEAL AND REFUSED PDR(SEE APPLICATION FOR CAUSE NOS) APPLICANT FILED A PRO-SE APPLICATION FOR A WRIT OF HABEAS CORPUS TO THE 28th DISTRICT COURT WITH 14 GROUNDS OF CONSTITUTIONAL VIOLATIONS AND FUNDAMENTAL RIGHT TO DUE PROCESS TO A FAIR TRIAL AND INEFFECTIVE ASSISTANCE OF COUNSEL ON 2/17/15 WHICH THE CLERK STAMPED FILED ON3/10/15

II.

THE STATE IN ITS ANSWER MADE A GENERAL DENIAL(SEE STATE'S ANSWER @ P. 2) AND FURTHER SUBMITTED THAT AN AFFIDAVIT WAS NOT REQUESTED FROM TRIAL COUNSEL BECAUSE THE APPLICANT'S CLAIM LACK MERIT BASED UPON AN APPLICATION OF THE LAW TO THE FACTS PRESENTLY CONTAINED IN THE RECORD.

THE STATE'S ANSWER @ B. GROUND 2&14 INEFFECTIVE ASSISTANCE OF COUNSEL: @ P. 3-6 SPECIFICALLY ADDRESSED THE APPLICANT'S CLAIM OF INEFFECTIVENESS.

1.

the STATE MISCONSTRUED AND MANIPULATED APPLICANT'S CLAIMS AND FAILED TO PROPERLY ADDRESS TRIAL COUNSEL'S FAILURE TO INVESTIGATE, APPLICANT'S VERSION OF EVENTS OF A THIRD PARTY PERPETRATOR AND CROSS EXAMINE THE VICTIM CONCERNING THE APPLICANT'S ALIBI STATEMENT( MADE TO COUNSEL, COUNSEL INVESTIGATOR, V.A. PSYCHIATRIST, APPELLATE COUNSEL, TRAVIS BERRY AND TO MARIA MEDRANO) victims mother) AND TRIAL COUNSEL'S DECISION TO MOVE FORWARD WITH THE TRIAL WITHOUT CALLING APPLICANT TO TESTIFY NOR ANY OF HIS CHARACTER WITNESSES.

### III.

THE COURT PURSUANT TO 11.07 § 3(d) FAILED TO DESIGNATE THE CONTROVERTED PREVIOUSLY UNROLVED FACTS MATERIAL TO APPLICANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS, WHICH THE STATE DENIED. THUS THE CONTROVERTED ISSUE AT HAND. THE TRIAL COURT SHOULD HAVE DESIGNATED THE ISSUE TO BE RESOLVED, BUT INSTEAD ON 4/3/15 SIGNED THE STATES PROPOSAL OF FINDINGS OF FACTS CONCLUSION OF LAW AND RECOMMENDATION WITHOUT AN EVIDENTIARY HEARING.

### IV.

ABSENT, AN OPPORTUNITY TO CARRY HIS BURDEN OF SHOWING STRICKLAND'S DUAL PRONGS( DEFICIENCY AND PERJUDICE) WHICH IS A REQUIREMENT ON A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL. THAT MUST BE SUPPORT BY A RECORD CONTAINING DIRECT EVIDENCE OF WHY COUNSEL ACTED (OR DIDN'T) AS HE DID.

IN EX PARTE TORRES, 943 S.W.3d 469,475(T.C.A.1997) THIS COURT HELD, "THE IN HERENT NATURE OF MOST INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS MEANS THAT THE TRIAL COURT RECORD WILL OFTEN FAIL TO CONTAIN THE INFO-RMATION NECESSARY TO SUBSTANTIATE THE CLAIM." ALSO,THE COURT STATED, " IT IS ESSENTIAL TO GATHERING THE FACTS NECESSARY TO...EVALUTE... THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM." TORRES SUPRA @ 475.

### V.

APPLICANT HAS PRESENTED IN HIS APPLICANT MEMO AN ALLEGATION OF INEFFECTIVE ASSISTANCE OF COUNSEL, FOR FAILING TO INVESTIGATE, WHICH IF

2.

TRUE, MAY ENTITLE HIM TO RELIEF. HOWEVER, WITH THE UNDEVELOPED RECORD, WHICH IS THE SAME RECORD AS ON DIRECT APPEAL, APPLICANT IS UNABLE TO SUBSTANTIATE HIS CLAIM BECAUSE THE TRIAL COURT DID NOT DESIGNATED ISSUES WHICH ARE CONTROVERTED BY THE STATE AND PREVIOUSLY UNRESOLVED, BECAUSE TRIAL COUNSEL HAS NOT BEEN DEPOSITION CONCERNING THE APPLICANT'S ALLEGATION THAT HE FAILED TO INVESTIGATE.

## PRAYER

WHEREFORE, PROMISES, CONSIDERED, APPLICANT PRAYS THAT THE COURT OF CRIMINAL APPEALS WOULD HOLD HIS APPLICATION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND REMAND WITH AN ORDER TO THE TRIAL COURT TO HOLD AN EVIDENTIARY HEARING TO ALLOW APPLICANT TO FULLY DEVELOP HIS ALLEGATIONS AND RETURN A TRANSCRIPTION OF THE COURT REPORTER'S NOTES AND A FINDINGS BY THE COURT WITHIN A SPECIFIC TIME, WITH ANT EXTENSION TO BE OBTAINED BY THE COURT OF CRIMINAL APPEALS. SEE EXPARTE REYNA, 701 S.W.2d 921(T.C.A. 1986)


RESPECTFULLY,

RANDY J. KAIZER # 1730604
C.T.TERRELL UNIT
1300 F.M. 655
ROSHARON, TX 77583

## UNSWORN DECLARATION

I, RANDY J. KAIZER, DO HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING SUGGESTION FOR A REMAND TO THE TRIAL COURT FOR AN EVIDENTIARY HEARING IS TRUE AND CORRECT.

EXCUTED ON: _20 Apr 15_                    BY: _____
                                              RANDY J. KAIZER # 1730604


## CERTIFICATE OF SERVICE

I, RANDY J. KAIZER DO CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING SUGGESTION FOR REMAND TO THE TRIAL COURT FOR AN EVIDENTIARY HEARING WAS PLACED IN THE PRISON MAIL BX WITH PRE-PAID POSTAGE ON THIS _20th_ DAY OF _April_ , 2015.

EXCUTED ON: _20 Apr 15_                    BY: _____
                                              RANDY J. KAIZER # 1730604
                                              C.T.TERRELL UNIT
                                              1300 F.M. 655
                                              ROSHARON, TX 77583

4.