41,864-02

Dave D. Greer #1829754
Wayne Scott Unit
6999 Retrieve Rd
Angleton, Texas 77515

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 03 2015

Abel Acosta, Clerk

August 28, 2015

Court of Criminal Appeals
Abel Acosta, Clerk
Supreme Court Bldg,
201 W. 14th St Rm 106
Austin, Texas 78711

Re: EX PARTE DAVE D. GREER WRIT NO. 12-03324-CRF-272-A.

Dear Mr. Acosta;

Please find enclosed applicant's two motions entitled: "Applicant's Objections To The New Presiding Judge's Order To Transmit Habeas Corpus Record Which Simultaneously Circumvents The Honorable Kyly Hawthorn's Order Designating Issues." The second motion entitled: "Applicant's Motion To Recuse The Honorable Travis Bryan III Pursuant to Tex.R.Civ.P. Rule 18a From Any Further Proceeding Dealing With Applicant's 11.07 Habeas Corpus. Please file these motions in the above and entitled case. I want to thank you in advance for your time and kind attention in this most urgent matter.

Respectfully requested,

Dave D. Greer

WRIT NO. 12-03324-CRF-272-A

EX PARTE § IN THE CRIMINAL DISTRICT

§ 272nd JUDICIAL DISTRICT

DAVE D. GREER § BRAZOS COUNTY, TEXAS

## APPLICANT'S MOTION TO RECUSE THE HONORABLE JUDGE TRAVIS BRYAN III

## PURSUANT TEX.R.CIV.P. RULE 18a FROM ANY AND ALL PROCEEDING

## DEALING WITH APPLICANT'S 11.07 HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT;

**COMES NOW,** DAVE DUANE GREER, Applicant herein and in support of this motion will show this Honorable Court the following:

### I.

Right before the jury was sworn in, during a hearing in open court, concerning the fact that trial judge Travis Bryan III, had previously represented applicant in a criminal case as a defense attorney. His representation (was unsuccessful) as his representation resulted in applicant being convicted. Travis Bryan III stated for the record "and if either side wants me off the case, I'll willingly recuse myself..." Vol.4 P.8 L.12-13.

Applicant was of the belief that when he filed his original application of habeas corpus 11.07 which cited numerous allegations of constitutional violations and improprieties of Travis Bryan III himself during and before trial even began concerning his actions and inactions by personally violating mandatory statutes, as well as known rules of evidence and procedures. Which made it obvious that he could not unbiasedly judge his very own credibility as to if and why he violated these numerous rules, procedures and statutes. Therefore, it would be virtually impossible for this judge to provide an impartial findings of facts and conclusions of law. Then there after make an unbias recommendations for the fair disposition of this habeas corpus application.

1

## II.

In support of Applicant's belief in the willingness of Judge Bryan to recuse himself when placed into a questionable situation, is the July 6, 2015 Court Order that Designated "Issues of Fact To Be Resolved." That was signed into effect, by the Honorable Kyle Hawthorn as "Presiding Judge" another District Judge. Applicant naturally believed that Judge Travis Bryan III had voluntarily recused himself by allowing a new, impartial and unbiased District Judge to act as the Presiding Judge over the whole Habeas Corpus proceedings.

## III.

Judge Hawthorn ordered Both Trial Counsel and Appellate Counsel to submit affidavits by no later than Oct. 6, 2015. He also ordered the District Clerk of Brazos County to withhold preparing and transmitting the record to the Court of Criminal Appeals until further order of this Court."

Just image Applicant's shock and awl, when over a month prior to the aforementioned attorneys' affidavits being received, he instead received on August 24, 2015 an "Order To Transmit Habeas Corpus Records," signed by Travis Bryan III. This order was dated August 17, 2015 which included amazingly that there now miraculously existed no factual issues requiring an evidentiary hearing and have heard the application and considered, this court magically hereby orders the District Clerk to of Brazos County to prepare and transmit the record herein to the Court of Criminal Appeals with a recommendation that the application be DISMISSED." SIgned by Travis Bryan III JUDGE PRESIDING.

## IV.

Applicant's motion to Recuse Judge Travis Bryan III under Rule 18a(a) technically is untimely because it is not filed at least 10 days before the hearing. However, Applicant had no prior notice that Judge Traivs Bryan III was going to magically appear to "hear and consider" Applicant's 11.07, on August

2

17, 2015. Applicant only obtained knowledge of this after the fact when he actually received the aforementioned order on 8-24-15.

Where the movant in a motion to recuse does not receive 10 days notice of the hearing on the matter for which he seeks to recuse the judge, the 10 day request of rule 18a(a) supra can not apply. <u>Metzger v. Sebek</u>, 892 S.W.2d 20,49 (Tex.App.-Houston [1st Dist.] 1994).

## V.

Judge Bryan has a self-serving interest in having this Habeas Corpus Proceeding DISMISSED without having the actual substance and merits addressed. In the interest of justice, simply read the original 11.07 application along with corresponding 50 page Memorandum of Law.

## PRAYER

Applicant prays Judge Tavis Bryan III recuse himself and all further proceedings be referred as well as this motion itself to the presiding District Judge. So that it may be reassigned to an impartial and unbiased judge to hear this motion. In the event Judge Travis Bryan III is recused or removed from participating in these Habeas Corpus proceedings Applicant prays the present complained of order be rendered VOID and rescinded and any and all orders and recommendations rendered by Judge Travis Brayn III be ruled a legal nullity.

Respectfully submitted,

Dave D. Greer #1829754
Wayne Scott Unit
Retrieve Rd.
Angleton, Texas 77515

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of this document has been sent to all parties in this cause by addressing a copy to: District Attorney,

3

Mr. Jarvis Parsons, 300 E. 26th Street, Suite 310, Bryan, Texas 77803; The Brazos Co. District Clerk, Marc Hamlin, 300 E. 26th St., Suite 1200, Bryan, Texas 77803, the District Clerk of the Court of Criminal Appeals; Abel Acosta, Supreme Court Bldg, 201 W. 14th St. Rm 106, Austin, Texas 78701-1445, by placing a copy of the same in the U.S. Mail postage prepaid on this 28th day of August, 2015.

Dave D. Greer

4

WRIT NO. 12-03324-CRF-272-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE CRIMINAL DISTRICT |
| | § | 272nd JUDICIAL DISTRICT |
| DAVE D. GREER | § | BRAZOS COUNTY, TEXAS |

### APPLICANT'S OBJECTIONS TO THE NEW PRESIDING JUDGE'S ORDER TO TRANSMIT HABEAS CORPUS RECORD WHICH SIMULTANEOUSLY CIRCUMVENTS THE HONORABLE KYLE HAWTHORN'S ORDER DESIGNATING ISSUES

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, DAVE DUANE GREER, Applicant herein and in support of this motion will show this Honorable Court the following:

I.

Applicant did not receive a copy of the contested order until Monday 8-24-15 at approximately 12:20PM. This fact can be verified by the Wayne Scott's Unit legal mail room log. This motion is now being placed in the prison mail box on 8-28-15 with the proper postage and address therefore, it's timely filed in accordance to the Supreme Court's ruling in Houston v. Lack, 108 S.Ct. 2379 (1989). Also in compliance with Tex.R.App.Proc. Rule 73.4(b)(2).

It seems the only way an appeal's court will overrule a lower court"(s) ruling or recommendation is by establishing the ruling or recommendation represents an abuse of discretion.

**STANDARD OF REVIEW:**

"CASEY V. STATE, 215 S.W.3d 870,879 (TEX.CRIM.APP. 2007)("A TRIAL COURT ABUSES ITS DISCRETION WHEN ITS DECISION LIES OUTSIDE THE ZONE OF REASONABLE DISAGREEMENT. GREEN V. STATE, 934 S.W.2D 92, 101-102 (TEX.CRIM.APP. 1996)). SEE ALSO RAMSEY V. CRISWELL, 850 S.W.2D 258,259 (TEX.APP.-TEXARAKANA 1993)(AN ABUSE OF DISCRETION OCCURS WHEN A COURT ACTS WITHOUT REFERENCE TO GUIDING RULES OR PRINCIPLES, OR ACTS ARBITRARILY OR UNREASONABLLY. DOWNER V. AQUAMARINE OPERATORS, INC., 710 S.W.2D 238,241 (TEX.1985))."

The Honorable Travis Bryan III was previously hired by Applicant as his attorney to represent him as a criminal defense attorney. Just minutes before

1

the jury was sworn in ( e.g. before trial officially began) Judge Bryant III acknowledged that his biasness may very well be questionable by agreeing on the record to recuse himself if any one so desired him to do so. Vol.4 L.10-13. Applicant remembered the complications of his representation but only agreed to not seek his resucal at trial based upon the advice of counsel. Yet due to the numerous incidents of Judge Bryan III abusing his discretion during trial and the numerous allegations applicant alleged against him in this 11.07 applicant fully intended to file a formal motion to recuse him from the habeas proceedings. This proved to be unnecessary. The Honorable Kyle Hawthorn within mere hours after applicant officially filing his 50 page memorandum of law The Honorable Kyle Hawthorn issued a signed order designating issues, to be resolved. Applicant's memorandum was officially filed on 7-6-15 at 10:52 AM. Order designating issues signed and filed on 7-6-15 at 3:02 PM. Applicant has now filed a motion to rescue Judge Bryan III.

## II.

The State, Federal and Supreme Courts case law mandates that when an applicant files his collateral attack on his criminal conviction the initial task is to "determine whether [his] allegations, if proved would establish the right to habeas relief. If so he is entitled to an evidentiary hearing to further develop the factual bases with facts outside the record. Ex Parte Reyan, 701 S.W.2d 921 (Tex Cr.App. 1996); Streetman v. Lynaugh, 812 F.2d 950, 956 (5th Cir. 1987); Townsend v. Sain, 372 U.S. 298, 83 S.Ct. 745 at 756, 91 L.Ed.2d 785 (1963))."

## III.

Applicant sought and was granted the right to further develop the facts regarding his Claims of ineffective assistance of counsel at trial and on appeal. The development of these facts would simultaneously proves Judge Bryan

2

III abused his discretion even before trial officially begin, The judge had a extensive off the record praising session for lack of better term, in which he praised venireperson Robert Cassna who was selected as juror NO. 2 Vol.3 P. 162 L.8. He told the entire court room what an outstanding man he was and how lucky the City of Bryan was to have him and especially to have him as a sports writer for the Bryan Eagle. He asked and received a loud round of applause from the entire court room. Vol.3 P.5 L.3. Additionally he allowed the prosecutor to commit a plain structural error during closing arguments by stating: "That the proof does not have to be beyond a reasonable doubt. Vol.4 P. 165 L.14-15. Then he ended the trial with yet another blatant act of abuse of discretion, by clearing the courtroom with the exception of the prosecutor, bring the deliberating jurors back into the courtroom and without Applicant or his counsel being present, allowed the prosecutor to show the inculpatory DVD (video) on his personal laptop computer. Shortly after this secret meeting the jury returned a verdict of guilty. This secret meeting is off the record. Vol.4 P.183 L.14-15. Applicant can understand Judge Bryan not wishing these facts to be developed. Yet as verified by law it's an abuse of discretion. The court of Criminal appeals have consistently held that Issues of ineffective assistance of counsel are better raised in a habeas corpus proceeding. The Honorable Kyle Hawthorn officially issued his order so that the court could legally comply with the court of criminal's orders by allowing trial and appellate counsel be given a chance to explain their actions or inactions e.g. not objecting, etc. See Rylander v. State, 101 S.W.3d 107, 110-111 (Tex.Crim.App. 2003):

> "Thus an application for a writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel...in this case, like the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives of trial counsel's actions... As we recently stated in addressing a similar claim in Bone v. State, 77 S.W.3d 828,836 (Tex.Crim.App. 2002), trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective."

3

See also <u>Chavez v. State</u>, 6 S.W.3d 66, 71 (Tex.App.-San Antonion 1999):

> "[a] record related to issues of counsel's performance is best <u>developed</u> <u>in the context of a hearing on application for writ of habeas corpus.</u> or motion for new trial. Id at 772-78 [<u>Jackson v. State,</u> 877 S.W.2d 768 (Tex.Crim.App.1964)]. When the appellate record contain <u>no evidence of</u> <u>the reasons behind trial counsel's action</u>, the reviewing court cannot conclude that counsel's performance was deficient, because such determination is based upon speculation."

The order of Judge Hawthorn was officially entered into the record. Therefore, it's effective. <u>State Farm Ins. Co. v. Pults</u>, 850 S.W.2d 691 (Tex.App.-Corpus Christi 1993). Judge Hawthorn had subject matter jurisdiction and jurisdiction over all parties therefore, this order <u>"MUST" be obeyed.</u> <u>American Airlines, Inc. v. Allied Pilots Ass'n</u>, 53 F.Supp.2d 909,938 (N.D. Tex. 1999) ("An order issued by the court with jurisdiction over the subject matter and person **must be obeyed until it is reversed.**"). There has been no official order issued and that appears in the record reversing Judge Hawthorn's order. Therefore, both trial and appellate counsel have until Oct. 6, 2015 to submitted their sworn affidavits to the presiding judge Hawthorn. After they are received and considered then and only then can a recommendation be made based upon the record as ordered to be developed during the habeas proceedings. Judge Hawthorn's orders are unambiguously written therefore, it must be declared effective. <u>Quanto Intern. Co. Inc. v. Lloyd</u>, 897 S.W.2d 482,485-86 (Tex.App.-Houston [1st Dist.] 1995). For this reason this Order To Transmit Habeas Corpus Record which includes findings of facts and conclusion of law and a recommendation dismissing applicant's 11.07 has been issued prematurely, as such it should be denied and a order issued that it be remand back to the trial court for further proceedings.

IV.

Next is the determination as to whether the trial court was correct in ruling applicant's application should be dismissed for failure to properly comply the legal standards.

4

**STANDARD OF REVIEW:**

Ex Parte Craig Allen Necessary, 333 S.W.3d 782 (Tex.10th Ct. App. 2010)
"In reviewing the trial court's decision to grant or deny habeas corpus
relief...If the resolution of those ultimate questions turns on an
application of legal standards, we review the determination de novo.

The most vital fact in the resolution as to whether applicant's
application is in compliance is the trial court's own written admission that the
original application was in full compliance. See page 1 which states:

June 1, 2015: Applicant filed his original petition with this Court. This
petition was thirty three pages long and raised seventeen
grounds of error.

The trial court also admitted applicant's original memorandum of law was in
full compliance when filed. See page 2 which admits the original memorandum of
law was 50 pages.

July 6, 2015: Applicant filed a "Memorandum of Law" supporting his claims
for relief. This document is fifty pages long."

Therefore, by the trial court's own admission Applicant's original
handwritten application and typed memorandum of law was in full compliance as
such the recommendation should be overruled and remanded back to the trial court
for further proceedings.

Applicant has for the convenience of the court and for clarity and
simplification dealt strickly with the issues effecting the application its self
first and issues effecting the memorandum of law second.

The trial court begins speaking about motions. By definition as defined by
the Black's Law Dictionary tenth edition. "A written or oral application
requesting a court to make a specific ruling or order." Please bear in mind that
not one single motion has ever been ruled on, as such all motions are to be
considered pending motions, which are as defined by id: "A motion under
consideration." A motion is an application for an order of the court. Lindley
v. Flores. 672 S.W.2d 612 (Tex.App.-Corpus Christi 1984). The court has issued

5

no order(s) either granting or denying any motion(s) whatsoever in this cause. The record is totally devoid of any such ruling and if a copy of the order does not appear in the record it has no legal effect. In Re Fuentes, 960 S.W.2d 261,264 (Tex.App.-Corpus Christi 1997): Additionally the court's recommendation that the pending motion(s) has negatively affected the compliace of Applicant's original application is an arbitrary decision founded on prejudice or preference rather than reason(s) of fact. Additionally this decision has no legal support. Therefore, the court should review this decision de novo. Ex Parte Craig Allen Necessary, 333 S.W.3d 782 (10th Ct. App. 21010).

> "It is well-settled that a written order must appear somewhere in the court's record in order to be effective, whether it be in the court's file record or in the minutes of the court. Since 1923, Texas Courts have consistently enforced the following general rule. All order must be entered of record to be effective (Applicant omitted other citations). The order must be reduced to writing, signed by the trial court, and entered in the record."

Therefore, no motion filed in this case can legally effect whether the original application is in compliance or not. Any recommendation otherwise is a clear and arbitrary decision and misapplication of the law. Ex Parte Criag Allen Necssary, supra. Now to error on the side of caution, applicant will address these non-ruled on motions there merits. See complained of order page 2:

> July 6, 2015: Applicant filed "Motion to Supplement Ground of Error Thirteen" in which applicant raised an additional twent-two grounds for ineffective assistance.

Motions are to be judged not by their caption, but from its body and prayer of relief. See Abu-Ahmad v. Shadowbook Apparments, 776 S.W.2d 704,708 (Tex.App.-Fort Worth 1989). Applicant unambiguously stated in caption and body of this motion that he sought to add reasons twenty three through twenty five why his counsel was ineffective. This motion does not seek to add one single new ground for relief much less as stated: "[t]wenty-two grounds." Therefore, this decision is arbitrary and has no factual or legal support. Also within the body

6

of the motion it states: "Due the fact the new rules only allows two pages per-ground applicant has for the convenience of the court as well as abiding by the rules completely re-typed ground of error No. <u>thirteen</u> <u>on</u> <u>two</u> <u>pages</u>. They are numbered pages 27 and 28 as originally numbered in the form. Please <u>simply</u> <u>take</u> <u>the</u> <u>original</u> <u>ground</u> <u>of</u> <u>error</u> <u>No.</u> <u>thirteen</u> <u>out</u> <u>and</u> **replace** **it** **with** **the** **attached** **page** <u>27,28</u>". No where in the body of this or prayer for relief does applicant request or seek the court to combined or add any additional pages. The court's findings is clearly not supported by the record.

Now lets observed the recommendations regarding this same motion. See Page 5 which states in relevant part:

**<u>Failure to Comply With Two Page Limit</u>**

5. On July 6, 2015, Applicant filed a Motion to Supplement Ground of Error Thirteen, which consists of two additional type written pages on the <u>form</u> <u>provided</u> <u>by</u> <u>the</u> <u>Court</u> <u>of</u> <u>Criminal</u> <u>Appeals</u>. (Applicant's Motion to Supplement Ground of Error Thirteen at 3-4).

6. By **<u>combining</u>** the form pages of the original petition's Ground of Error Thirteen with the form pages of the Motion to Supplement Ground of error Thirteen, the total number of form pages for Ground of Error Thirteen is four.

7. Because Ground of Error Thirteen exceeds the two pages provided for each issue by the Court of Criminal Appeals, this Court recommends that Applicant's writ be dismissed as noncompliance. TEX.R.APP.P. 73.1(d)..

This recommendatioN is based upon no guiding rules and principles. Because the motion was never ruled on, no order was issued, no order appears in the record. As such, no one had legal authority to take any action pursuant to this motion by but not limited by adding any additional pages to the original application. Next the body of this motion and prayer for relief applicant unambiguously sought and requested that the original handwritten pages 27-28 be <u>"replaced"</u> with the new typed pages 27-28. Therefore the decision represents an abuse of discretion. See <u>In Re Gore</u>, 251 S.W.3d 696, 699 (Tex.App.-San Antonio 2007):

"A 'trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently, when it acts without reference to guiding rules and principles.' In Re Colonial Pipeline Co., 968 S.W.2d 938,941 (Tex. 1998...Walker, [v.Packer, 827 S.W.2d 833, 839 (Tex.1992)] 827 S.W.2d at 840. However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute and abuse of discretion..."

First and foremost this motion was never granted as such no order was issued thereby providing anyone authorization to act upon this motion. Therefore, the act of **adding these two** additional pages to the applicant's original application is **VOID** and without legal authority. This is true because this motion is legally characterized as a pending motion. Furthermore, the motion, in the body and prayer for relief seeks that the original two pages be "substituted" for the typed pages numbered 27 and 28. Simply put there is no guiding principles or rules that allows the court to act on a motion without an order and certainly not act contrary to the request in the body of the motion and or prayer for relief. Abu-Ahnad v. Shadowbook Apartments, supra at 708. This act of doing so presents a clear abuse of discretion. In Re Gore, Supra at 699.

Applicant will concede that he did file a second motion to supplement the record with ground of error 18 which actually does seeks relief for two grounds of error on a single page. Applicant will officially retract this motion and resubmitted a new one dividing these grounds into grounds of error 18,19. Also includes is a motion to suspend the rules pursuant to Tex.R.App.Proc. Rule 2. Yet original motion was not acted upon by orders of the court, therefore, any act of supplementing applicant's original application or memorandum is without legal authority and is void as a matter of law. Furthermore, this exist no guiding principles or rules that will allow the court to grant a motion knowing that granting it will violate the rules. Therefore, recommending that Applicant's application be dismissed as noncompliance in of TEX.R.APP. Rules 73.1, 73.2.

Now the issues dealing with the memorandum of law. Page two Which states:

> July 6, 2015: Applicant filed a "Memorandum of law" supporting his claim for relief. This document is fifty pages long. Attached to the Memorandum are numerous exhibits these exhibits are twenty-eight pages long (Applicant's Memorandum of law at 1-78)

By stating that Applicant's Memorandum of law is numbered 1-78. This implies that the court has misapplied the law by counting the exhibits as additional pages to the memorandum of law. Applicant actually attached 28 pages of exhibits to his memorandum of law making the total number of pages to 78. The law requires these 28 pages of exhibits or appendix(s) to not be counted. See Tex.R.App.Proc Rule 73.1(d) "The prescribed limits do not include appendices, exhibits..." This is an arbitrary and a misapplication of the law the act of doing so is in itself an abuse of discretion and requires a de novo review. In Re Gore, supra at 699, Ex Parte Craig Allen Necessay, supra.

Additionally on page 2 the courts seeks to have Applicant's application dismissed because he filed a motion that is not on the prescribed forms. Three is no rule that requires motions to be on any prescribed form. Page 2-3 states:

> July 31, 2015: Applicant files a "Response to the Court's Order and Request for a Supplemental Order." This response reargues the grounds raised in the previous petitions, motions, and memorandaums, as well as raises a new ground of error that the district judge that signed the order **designating issues** was not the same judge which presided over the trial. This response is twenty pages long and is not on the prescribed form. (Applicant's Response to the Court's Order at 1-20).

This is applicant's supplemental motion for a live evidentiary hearing in which he seeks a live hearing because the Judge Kyle Hawthorn that ordered the paper hearing is not the judge that held the trial. Therefore, Applicant is entitled to a live evidentiary hearing. Citing Amos v. Scott, 61 F.2d 333, 347 (5th Cir. 1996). Applicant sought to fully develop the record to include the factual basis of his claims against Judge Travis Bryan III. This motion also is

9

used to provide the federal court documented evidence that Applicant is exercising due diligence in developing the factual bases for all his claims in state court. There is no rule or guiding principles that requires applicants to place all or specifically motion(s) for live evidentiary hearing on the forms provided by the court of criminal appeals. This is clearly set forth in the body of the motion for relief. Also this motion was never ruled on therefore, no one had authorization to take any action upon the motion. Therefore, this decision represents a decision that is both arbitrary and is a misapplication of the law. The trial court's recommendations clearly implies that any motion filed in the trial court during a habeas proceedings the trial court has authorization to act upon it in any way shape form or fashion that will negatively effect applicants application. These decisions are based upon no rules or guiding principles and no law. Therefore, the decisions and recommendations represents an abuse of discretion. In Re Gore, supra at 699.

Additionally trial court recommends the application to be denied for non-compliance pursuant to TEX.R.APP.P. 73.1(d),73.2. The trial recommendation on this issue appear on page 6 which states in relevant part;

2. Applicant's June 4, 2014 "Motion to provide Notice," 4 pages)( June 29, 2015 "Motion to Supplement Ground of Error Thirteen," (4 pages) July 6, 2015, "Memorandum of Law," (50 pages) July 16, 2015 "Motion for Live Evidentiary Hearing," (13 pages) July 16, 2015 "Motion to Hold Proceedings in Abeyance,"(4 pages) July 31, 2015 "Response to the Court's Order," (actually supplemental motion for live evidentairy hearing 20 pages) and August 4, 2015 "Motion to Supplement" (4 pages a total of 105 pages) all are memorandums of law which cite legal authority to support Applicant's original grounds for relief or argue for additional ground for relief.

3. Applicant has filed a total of 147 pages of petitions, supplemential petitions, and memorandums of law with this Court.

4. Application has not asked for leave to exceed the page requirements prescribed by Tex.R.Ap.P. 73.1(d), nor has he shown good cause why such should be granted.

5. Applicant has not been granted leave by this Court to exceed the fify page limit imposed by Tex.R.App.P.73.1(d).

6. Consequently, since Applicant has exceeded the fifty pages that Tex.R.App.P.73.1 allows, this Court recommends that Applicant's writ be dismissed for noncompliance. TEX.R.APP.P.73.1(d),73.2".

There is no rule and guiding principles, or law that classifies a motion as a memorandum of law. A motion is a request for the court to do something. A motion that has not been ruled on is considered a pending motion and provides no legal authority for any one to act upon them or grant any type of relief. Simply because Applicant provide legal support in his motions, thereby, providing legal authority for the court to rule favorably, does not convert these well researched motions into memorandums of law. Therefore, the court's recommendations that applicant's memorandum of law is 147 pages is an abuse of discretion. As such applicant's original memorandum of law is in compliance. Applicant respectfully submits that the memorandum of law is optional and if found for some reason to be out of compliance the original application should not be dismissed. Applicant's original 50 page memorandums is in compliance.

The trial court's recommendations are arbitrary as they are not founded upon rules and guiding principles nor do they have legal support as such they are acts of abuse of discretion. In Re Gore, supra at 699.

WHEREFORE, PREMISES CONSIDERED, Application prays that his objections be granted and remand this cause back to the trial court for the completion of the evidentiary hearing already ordered or order a live evidentiary hearing and grant applicant any further or additional relief he is justly entitled to, it is so prayed.

Respectfully submitted,

Dave D. Greer #1829754

Wayne Scott Unit
Retrieve Rd.
Angleton, Texas 77515

11

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of this document has been sent to all parties in this cause by addressing a copy to: District Attorney, Mr. Jarvis Parsons, 300 E. 26th Street, Suite 310, Bryan, Texas 77803; The Brazos Co. District Clerk, Marc Hamlin, 300 E. 26th St., Suite 1200, Bryan, Texas 77803, the District Clerk of the Court of Criminal Appeals; Abel Acosta, Supreme Court Bldg, 201 W. 14th St. Rm 106, Austin, Texas 78701-1445, by placing a copy of the same in the U.S. Mail postage prepaid on this _28th_ day of August, 2015.

_Dave D. Greer_

Dave D Greer #1829254
Wayne Scott Unit
6999 Retrieve Rd
Angleton Tx 77515

August 28 2015

Court of Criminal Appeals Clerk, Abel Acosta

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 03 2015

Abel Acosta, Clerk

Supreme Court Bldg
201 W. 14th St Ste 106
Austin Tx 78701-1445
Re: Ex Parte Dave D Greer, Writ #12-03324-CRF-272-A

Dear, Mr Acosta

Please find enclosed for filing in this cause My two motions entitled: Applicant's Motion For Leave To File His Motion For Suspension of Texas Rules of Appellant Procedure Rule 73.4(b)(2) Until The Court Complies With Rule 47. Due to the fact the court cited a case that applicant has no access to; and, Applicant's Motion For Suspension of Texas Rules of Appellant Procedure Rule 73.4(b)(2) Until the court complies with Rule 47. Due to the fact the court cited an opinion that applicant does not have access to. Please file these motions in the above and numbered cause. I've provided the District Attorney and the District Clerk of Brazos County with a copy. Thank you very much for your assistance in these matters.

Respectfully Submitted

Dave D Greer

Dave D Greer

WRIT NO. 12-03324-CRF-272-A

| EX PARTE | § | IN THE CRIMINAL DISTRICT |
| | § | 272nd JUDICIAL DISTRICT |
| DAVE D. GREER | § | BRAZOS COUNTY, TEXAS |

## APPLICANT'S MOTION FOR LEAVE TO FILE HIS MOTION FOR SUSPENSION OF TEXAS RULES OF APPELLANT PROCEDURERULE 73.4(b)(2) UNTIL THE COURT COMPLIES WITH RULE 47 DUE TO THE FACT THE COURT CITED A CASE THAT APPLICANT HAS NO ACCESS TO

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DAVE DUANE GREER, Applicant herein and in support of this motion will show this Honorable Court the following:

I.

Applicant seeks leave to file his motion not for reasons of delay nor to harass any party but so that he can adequately oppose the Original Order to Transmit Habeas Corpus Record. Which was signed on 8-17-15 and mailed to Applicant on 8-18-15 and received by Applicant on 8-24-15 which is documented in the Wayne Scott Unit's legal mail log which is available for this Honorable Court's inspection.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this motion will be granted so that justice can be served by applicant being able to present a well researched response to the aforementioned court order, and grant Applicant any or additional relief he is justly entitled to, it is so prayed.

Respectfully submitted,

Dave D. Greer #1829754
Wayne Scott Unit
Retrieve Rd.
Angleton, Texas 77515

1

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of this document has been sent to all parties in this cause that have been served by addressing a copy to: District Attorney, Mr. Jarvis Parsons, 300 E. 26th Street, Suite 310, Bryan, Texas 77803; The Brazos District Clerk, Marc Hamlin, 300 E. 26th St., Suite 1200, Bryan, Texas 77803, the District Clerk of the Court of Criminal Appeals; Abel Acosta, Supreme Court Bldg, 201 W. 14th St. Rm 106, Austin, Texas 78701-1445, by placing a copy of the same in the U.S. Mail postage prepaid on this _____ day of August, 2015.

Dave D. Greer

2

| EX PARTE | § | IN THE CRIMINAL DISTRICT |
|---|---|---|
| | § | 272nd JUDICIAL DISTRICT |
| DAVE D. GREER | § | BRAZOS COUNTY, TEXAS |

## APPLICANT'S MOTION FOR SUSPENSION OF TEXAS RULES OF APPELLANT PROCEDURE RULE 73.4(b)(2) UNTIL THE COURT COMPLIES WITH RULE 47 DUE TO THE FACT THE COURT CITED AN OPINION THAT APPLICANT DOES NOT HAVE ACCESS TO

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DAVE DUANE GREER, Applicant herein and in support of this motion will show this Honorable Court the following:

I.

On 8-17-15 This Honorable court signed an order entitled "Order to Transmit Habeas Corpus Record, which also included fact findings, conclusion of law and recommendations. It was mailed to applicant in accordance to the Clerk's cover letter on 8-18-15 and received by Applicant on 8-24-15 which is documented in the Wayne Scott Unit's legal mail log which is available for this Honorable Court's inspection. Within this Order the Honorable Court cited Ex Parte McKnight. No WR-36,732, 2015 WL 3641403 (Tex.Crim.App. June 10, 2015) (not designated for publication). Applicant has sought by written request to the prison law library in efforts to obtain a copy or access to this case. Applicant was informed by Wayne Scott Unit's prison law library supervisor Ms. Ruthey Grays. She stated: "That we do not have access to West Law cases." Applicant must have access to this case before he can adequately prepare his response. Rule 73.4(b)(2)"...A party has ten days from the date he receives the findings to file objections, but the trial court may, nevertheless, transmit the record to the Court of Criminal Appeals before the expiration of the ten days." Applicant received the courts findings on August 24, 2015 at

1

approximately 12:20PM. Therefore, applicant's response is due to be filed on or before September 2, 2015. Applicant seeks to suspend this time until five days after Applicant receives a copy of this case.

**WHEREFORE, PREMISES CONSIDERED,** Applicant prays that this motion will be granted so that justice can be served by applicant being able to present a well researched response to the aforementioned court order. Applicant specifically request that the ten day time limitation to file objections to the courts findings pursuant 73.4(b)(2) be suspended until five days after Applicant official and actually receives a copy of the aforementioned court opinion, and grant Applicant any or additional relief he is justly entitled to, it is so prayed.

Respectfully submitted,

Dave D. Greer #1829754
Wayne Scott Unit
Retrieve Rd.
Angleton, Texas 77515

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of this document has been sent to all parties in this cause by addressing a copy to: District Attorney, Mr. Jarvis Parsons, 300 E. 26th Street, Suite 310, Bryan, Texas 77803; The Brazos Co. District Clerk, Marc Hamlin, 300 E. 26th St., Suite 1200, Bryan, Texas 77803, the District Clerk of the Court of Criminal Appeals; Abel Acosta, Supreme Court Bldg, 201 W. 14th St. Rm 106, Austin, Texas 78701-1445,        by placing a copy of the same in the U.S. Mail postage prepaid on this ___28___ day of August, 2015.

Dave D. Greer

2

Dave D Greer 1829754
Wayne Scott Unit
6999 Retrieve Rd
Angleton Tx 77515

August 28 2015

Court of Criminal Appeals Clerk, Abel Acosta
Supreme Court Bldg.
201 W. 14th St Ste 106
Austin Tx 78701-1445

RE: Ex Parte Dave D Greer, Writ #12-03324-CRF-272-A

Dear, Mr. Acosta

Please find enclosed for filing in this cause my motion entitled: Applicant's Motion to Set Forth the Brazos County District Clerk's Actions and Inactions that have violated the Rules of Appellate Procedure and other Rules and Procedures that illegally lead to the District Court recommending to dismiss Applicant's 11.07 for being out of compliance and otherwise illegally influenced the Honorable Courts Recommendations.

Please file this motion in the above and numbered cause. I've provided the District Attorney and the District Clerk of Brazos County with a copy.

Thank you very much for your assistance in this matter.

Respectfully Submitted

Dave D Greer

Dave D Greer

WRIT NO. 12-03324-CRF-272-A

EX PARTE                              §      IN THE CRIMINAL DISTRICT

                                      §      272nd JUDICIAL DISTRICT

DAVE D. GREER                         §      BRAZOS COUNTY, TEXAS

## APPLICANT'S MOTION TO SET FORTH THE BRAZOS COUNTY DISTRICT CLERK'S ACTIONS AND INACTIONS THAT HAVE VIOLATED THE RULES OF APPELLATE PROCEDURE AND OTHER RULES AND PROCEDURES THAT ILLEGALLY LEAD TO THE DISTRICT COURT RECOMMENDING TO DISMISS APPLICANT'S 11.07 FOR BEING OUT OF COMPLIANCE AND OTHERWISE ILLEGALLY INFLUENCED THE HONORABLE COURT'S RECOMMENDATIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DAVE DUANE GREER, Applicant herein and in support of this motion will show this Honorable Court the following:

I.

On 7-6-15 the Honorable Judge Kyle Hawthorn issued a signed order which ordered: "that pursuant to Tex. Code Crim. Proc. art. 11.07,§3(d), the Court is of the opinion that **controverted, previously unresolved factual issues material to the legality of Applicant's confinement exist.** Therefore, the Court designates the following issues of facts to be resolved." This order is five pages long. The Rules of App..Proc. Rules 73.4(b)(1) ("If the convicting courts enters an order designating issues, the clerk shall "IMMEDIATELY" transmit to the Court of Criminal Appeals a copy of that order and proof of the date the district attorney received the habeas application." The District Clerk refused and failed to comply with this mandatory requirement. Applicant presents as supporting evidence the Clerk's present record he is transmitting as part of the order "To Transmit Habeas Corpus Record" signed by **a second** judge Travis Bryan III (who was applicant's previous trial counsel) on 8-17-15, listed as document

1

number 9 "ORDER pages 52-56, which is also five pages long. It would be useless and unnecessary to send this order (document) if the clerk had in accordance with the mandatory requirements of this rule the clear had already sent it.

## II.

Next the clerk has failed and or refused to comply with Rules of App. Proc. Rule 73.4(D)("...and the name "of the judge" who presided over the application."). The combined effect of these violations of the clerk's has the effect of hiding the fact that one judge ruled there was previously unsolved issues and a second judge issued a contradicting orders that there was not. That the Honorable Travis Bryan III had a vital self serving personal interest in not allowing applicant to fully develop the facts due to the facts in this application involving numerous constitutional violations personally against the Honorable Travis Bryan III.

## III.

Next Applicat would like to place front and center the fact that all parties involved have openly admitted applicant's original HANDWRITTEN 11.07 was in full compliance. It was 33 pages and listed 17 grounds of error. Applicant filed his first motion to supplement adding three additional reasons counsel was ineffective. Applicant typed ground of error No. 13 and listed the previous 22 reasons with the three new reasons making a total of 25. Applicant put in the body of the motion and the cover letter to the clerk to take the original numbered pages 27-28 and replace them with the attached numbered pages 27-28. This motion was never ruled on, as such there was no order from the court. Therefore, there was no legal authority for the clerk the place these two pages in Applicant's original application. This illegal action assisted and lead to the order issuing findings on page 5:

**Failure to Comply With Two Page Limit**

2

1. Tex.R.App.P. 73.1(d) requires that "[e]ach ground for relief and supporting facts raised on the form shall not exceed the two pages provided for each form." TEX.R.APP.P. 73.1(d).

2. Applicant's original petition contained seventeen grounds of error. (Applicant's Original Petition at 1-33).

3. In the Original Petition, Applicant's Ground of Error Thirteen alleges that Applicant was denied effective assistance of trial counsel. (Applicant's Original Petition at 27-28).

4. In the original Petition, Applicant's Ground of Error Thirteen is **handwritten on the form** provided by the Court of Criminal Appeals, and consists of "two pages as required" by Tex.R.App.P. 73.1(d). (Applicant's Original Petition at 27-28); TEX.R.APP.P. 73.1(d).

5. On July 6, 2015, Applicant filed a Motion to Supplement Ground of Error Thirteen, which consists of two **additional typewritten pages** on the form provided by the Court of Criminal Appeals. (Applicant's Motion to Supplement Ground of Error Thirteen at 3-4).

6. By combining the form pages of the original petition's Ground of Error Thirteen with the form pages of the Motion to Supplement Ground of Error Thirteen, the total number of from pages for Ground of Error Thirteen is four.

7. Because Ground of Error Thirteen exceeds the two pages provided for each issue by the Court of Criminal Appeals, this Court recommends that Applicant's writ be dismissed as noncompliance. TEX.R.APP.P. 73.1(d). 73.2.

As shown and admitted herein Applicant's original HANDWRITTEN application was in full compliance only by the District Clerk placing these new TYPED PAGES into the original application without any authorization is the court able to recommend this application to be dismissed as noncompliance for the aforementioned reason.

IV.

Now bear in mind Applicant's motion to supplement ground of error 18 and attached memorandum of law was never ruled on as such the district clerk had no authorization to supplement applicant's original HANDWRITTEN APPLICATION. The court once again admitted applicants original memorandum of law is fifty pages in full compliance. See page two second entry:

July 6, 2015:    Applicant filed a "Memorandum of Law" supporting his claim for relief. This document is fifty pages long."

3

The court also seeks to have applicant's original application to be dismissed for noncompliance because supplemental ground of error 18 raises two grounds on a single page. See recommendations on page 4. This recommendation would not be possible if the clerk had not illegally supplemented applicant's "original application" with this ground of error No. 18, with this motion that has never been ruled on. Therefore, as such the clerk had no legal authorization to supplement applicant's original HANDWRITTEN APPLICATION with any papers, pages or in any other manner which changes applicant's ORIGINAL HANDWRITTEN ORIGINAL 11.07 that was and is as admitted in full compliance.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this Honorable Court grant this motion and take note of the illegal actions of the District Clerk in illegally altering applicant's original HANDWRITTEN ORIGINAL APPLICATION and ORIGINAL MEMORANDUM OF LAW and issue an order that these illegal substitutions be taken out, thereby once again rendering applicant's original application and original memorandum of law in full compliance, and grant applicant any other or additional relief he is justly entitled to, it is so prayed.

Respectfully submitted,

Dave D. Greer #1829754
Wayne Scott Unit
Retrieve Rd.
Angleton, Texas 77515

### CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of this document has been sent to all parties in this cause by addressing a copy to: District Attorney, Mr. Jarvis Parsons, 300 E. 26th Street, Suite 310, Bryan, Texas 77803; The Brazos Co. District Clerk, Marc Hamlin, 300 E. 26th St., Suite 1200, Bryan,

4

Texas 77803, the District Clerk of the Court of Criminal Appeals; Abel Acosta, Supreme Court Bldg., 201 W. 14th St. Rm 106, Austin, Texas 78701-1445, by placing a copy of the same in the U.S. Mail postage prepaid on this __28__ day of August, 2015.

_____
Dave D. Greer